

U.S. Department of Justice

United States Attorney
Eastern District of New York

WMP:ALC/LHE
F. #2016R00505

271 Cadman Plaza East
Brooklyn, New York 11201

January 18, 2017

BY HAND DELIVERY AND ECF

The Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Mark Nordlicht, et al.,
Criminal Docket No. 16-640 (DLI)

Dear Chief Judge Irizarry:

The government writes in response to the letter filed earlier today on behalf of six of the seven defendants in the above-captioned matter.[1]  ECF No. 69.  In the letter, the six defendants request that the Court direct the government to publicly file, or alternatively, produce to defense counsel, a copy of the letter filed by the government concurrently with the indictment pursuant to Local Rule 50.3.2.  ECF No. 1, Attachment #3 (the "Relation Letter").  The government respectfully submits that this request should be denied.

Pursuant to Local Rule 50.3.2(c), "it is the affirmative obligation of the United States Attorney's Office ("USAO") to give notice to all relevant judges whenever it appears that one case may be presumptively related to another."  In compliance with this obligation, on December 14, 2016, simultaneously with filing the indictment in this matter, the government filed the Relation Letter, which provided the required notice.  The Relation Letter was filed under seal and ex parte for the reasons stated therein and as expressly permitted under Local Rule 50.3.2(c)(2).  The facts and circumstances justifying the sealed, ex parte filing continue, and thus the need for sealed, ex parte filing still exists.

In their letter, the defendants state that they "seek only to evaluate the adequacy of the submission made to the Court and the basis for reassignment."  Defs.' Ltr. at 2.  As the Rules for the Division of Business Among the District Judges expressly state, however, the rules governing relation of cases, including Rule 50.3.2, were "adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their

---

[1] Defendant Uri Landesman did not join in the submission.

attorneys." Rule 50.3.2(a)(4); see also United States v. Agate, No. 08-CR-76 (NGG), 2008 WL 699513, at *1 (E.D.N.Y. Mar. 13, 2008) ("[T]he court wishes to emphasize that [the rules regarding relation of cases] do not create any enforceable due process rights for defendants whose cases are subject to the relation rule."); United States v. Bonventre, No. 10-CR-228 (LTS), 2013 WL 2303726, at *10 (S.D.N.Y. May 28, 2013) (same); United States v. Davila-Bajana, 172 F.3d 38 (2d Cir. 1998) (summary order) (holding complaint about reassignment of case under Eastern District assignment was "legally baseless" because the rules are adopted for the internal management of the case load of the court). Accordingly, the defendants have no legally cognizable interest in "evaluating the basis for reassignment" of this matter from Judge Ross to this Court, and their letter provides no justification for overriding the government's compelling and ongoing interest in keeping the Relation Letter filed under seal and ex parte.

In support of their request, the defendants refer the Court to United States v. Simels, et al., 08-CR-640 (DLI) as a prior instance when the Court has directed the government to publicly file a relation letter. Defs.' Ltr. at 2. In that case, however, the relation letter dealt with two publicly filed indictments against the same defendant, and the letter made no application for sealed filing, presumably because such protections were not necessary. See 08-CR-640 (DLI), ECF No. 22. Here, in contrast, the government has already established the need for sealed, ex parte filing.

For the reasons set forth herein, the government respectfully requests that the Relation Letter be maintained under seal until the need for continued sealing no longer exists, at which time the government will promptly move to unseal the document in compliance with Local Rule 50.3.2(c)(2).

    Respectfully submitted,

    ROBERT L. CAPERS
    United States Attorney

By:   /s/ Lauren Howard Elbert
    Winston M. Paes
    Alicyn L. Cooley
    Lauren Howard Elbert
    Sarah M. Evans
    Assistant U.S. Attorneys
    (718) 254-7000