

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022

PHONE 212.999.5800
FAX 212.999.5899

www.wsgr.com

January 19, 2017

**VIA ECF**

The Honorable Dora L. Irizarry
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>*United States v. Mark Nordlicht*, No. 1:16-cr-640-DLI</u>

Dear Chief Judge Irizarry:

      We write briefly to reply to the government's letter filed yesterday evening regarding the unsealing of the Reassignment Letter. The government's position wholly ignores the strong presumption in favor of public access to judicial proceedings and documents. *See, e.g.*, *United States v. Erie Cty., N.Y.*, 763 F.3d 235 (2d Cir. 2014) and *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83 (2d Cir. 2004). The presumption of access is rooted in the parties' and public's interests in the need for "a measure of accountability" and "confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Indeed, as Judge Glasser observed, "[a]s a general rule of thumb, in all but the most exceptional circumstances, *ex parte* communications with the court are an extraordinarily bad idea.... [G]iving the government private access to the ear of the court is not only 'a gross breach of the appearance of justice' but also a 'dangerous procedure.' " *United States v. McTier*, No. 05 CR 401 (ILG), 2006 WL 2707439, at *1 (E.D.N.Y. Sept. 20, 2006) (quoting *United States v. Carmichael*, 232 F.3d 510, 517 (6th Cir. 2000)).

      The government also failed to note that Rule 50.3.2 specifically contemplates defendants' involvement in the Court's reassignment process. Specifically, Rule 50.3.2(d) provides defendants the opportunity to request reassignment and to object to the reassignment of the case. Defendants here have no meaningful opportunity to evaluate the need for such a request unless they are informed about the existence of related cases and the basis for reassignment proffered by the government in its ex parte letter. Moreover, without input from the defense, the Court's ability to make a fully informed assessment of the appropriateness of reassignment may be compromised.

      Finally, and significantly, we note that the government also failed to address defendants' proposal regarding a redacted Letter or the provision of the Letter "for attorneys' eyes only." Either measure should fully alleviate the government's concerns regarding any perceived continuing need



The Honorable Dora L. Irizarry
January 19, 2017
Page 2 of 2

for the information to be hidden from the defendants.  Rather than addressing the defendants' proposal, the government instead baldly continues to state that the reason for sealing still exists.[1]

                                Respectfully submitted,

                                WILSON SONSINI GOODRICH & ROSATI
                                Professional Corporation


                                s/ Morris J. Fodeman
                                Morris J. Fodeman


Cc:     AUSA Alicyn L. Cooley (via ECF/email)
         AUSA Lauren Howard Elbert (via ECF/email)
         AUSA Sarah Evans (via ECF/email)
         AUSA Winston M. Paes (via ECF/email)

         Defense Counsel of Record (via ECF/email)

---

[1] The government's attempt to distinguish *United States v. Simels, et al.* misses the point.  In that case the government filed a relation letter under seal and this Court found that once the indictment was unsealed in a related case against Simels and his associate, it was improper to keep it sealed and hidden from the defendants.