

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AL:ACG
F. #2016R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 28, 2017

<u>By Hand Delivery and ECF</u>

The Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mark Nordlicht, <u>et al.</u>
             <u>Criminal Docket No. 16-640 (DLI)</u>

Dear Chief Judge Irizarry:

      The government respectfully submits this letter to provide a status report as directed by the Court at the August 28, 2017 status conference in the above-captioned matter. More specifically, the Court directed the members of the government taint team (the "Taint Team") to report on the progress of the entry of a stipulation and the production of documents.

Background

      The Taint Team's object is to serve as an ethical wall between the trial team and potentially privileged material in the government's possession, permitting only non-privileged material to pass over this wall.

      The vast majority of the potentially privileged material consists of emails and other documents that were on computers located at the offices of Platinum Partners ("Platinum"). Documents on those computers were obtained pursuant to a court-authorized search warrant, and were loaded onto an electronic, searchable database. After the government obtained those documents, the government first sought to identify and segregate potentially privileged material. To that end, the government and predecessor counsel for Platinum and the defendant Mark Nordlicht agreed on a set of search terms to run in the database to identify potentially privileged information. These search terms included the law firms and email domains of known outside counsel for Platinum, as well as the names of Platinum's in-house counsel. The search yielded approximately 1,115,383 documents for eighteen identified Platinum custodians. Those documents were then designated potentially

privileged, and have not been provided to the government trial team, nor does the trial team have access to those documents.

### The Proposed Stipulation

As an initial matter, the government has proposed that the parties enter into a stipulation that would allow the Taint Team to produce the potentially privileged material to the defendants without requiring any privilege holder to waive privilege. As the Court is aware, "any privilege that attaches to communications on corporate matters between corporate employees and corporate counsel belongs to the corporation, not to the individual employee," and thus "employees generally may not prevent a corporation from waiving the attorney-client privilege arising from such communications." United States v. Int'l Bhd. of Teamsters, 119 F.3d 210, 214-15 (2d Cir. 1997). However, in an abundance of caution, the government has proposed a stipulation that would be signed not only by corporate privilege holders, but also by the defendants. The government and defense, through Seth Levine, Esq., counsel to the defendant Daniel Small, are continuing to try to reach a resolution along these lines, and expect to be able to report further at the next status conference.

### The Taint Team Review

In addition to endeavoring to enter into a stipulation, the Taint Team is also conducting a review of the potentially privileged material, a process that would likely continue even if a stipulation is entered into. By way of background, the review has been resource-intensive because, as noted above, the potentially privileged documents were selected based on searches for lawyers' email addresses and names. Therefore, and unlike some cases, few documents in this case can be disposed of by simply answering the threshold question of whether an attorney was included in the communication, because most of the communications inherently do involve or refer to an attorney or law firm. In addition, the question of whether a communication is privileged in this case can be complex because some communications involve individuals affiliated with multiple entities. To date, the Taint Team has reviewed approximately 15,967 documents. In light of the number of documents and relative complexity of the review, the Taint Team has also run a set of targeted search terms within a subset of custodians, for the time period of January 1, 2014 to June 22, 2016. That search yielded approximately 139,518 documents. The review of these documents, by four Assistant U.S. Attorneys, is ongoing, and is the Taint Team's current priority. Approximately 12,808 potentially privileged documents from this subset having been reviewed already, and the Taint Team expects to make substantial progress within this subset before the next status conference.

Conclusion

        The government and defense will continue to discuss whether they can enter into a stipulation that would allow the taint Team to produce all potentially privileged documents to the defendants.   In addition, the Taint Team will continue to devote substantial resources to reviewing potentially privileged documents.

                                                  Respectfully submitted,

                                                  BRIDGET M. ROHDE
                                                  Acting United States Attorney

                                By:    /s/_____
                                                  Allon Lifshitz
                                                  Assistant U.S. Attorney
                                                  (718) 254-6164

cc:    Clerk of the Court (DLI) (by ECF)
        All Counsel (by ECF)