

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
PHONE 212.999.5800
FAX 212.999.5899
www.wsgr.com

July 17, 2018

**VIA CM/ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Mark Nordlicht, et al.</u>, No. 1:16-cr-00640-BMC

Dear Judge Cogan:

      We represent defendant David Levy in connection with the above-referenced matter. This letter is submitted in response to the Court's scheduling Order of yesterday, moving the trial date from January 7, 2019 to September 4, 2018. For the reasons set forth below, counsel to David Levy respectfully requests that the Court adhere to its prior Order, and schedule the trial of this matter for January 7, 2019, or the earliest date thereafter.

      As the Court is well aware, this case involves an extraordinary amount of material for the defense to wade through. Indeed, the government has produced to the defense in excess of 37 million pages of documents, and just weeks ago produced another 120,000 pages of documents. Earlier in the case, the defense had sought particulars in order to allow for a more stream-lined review of these materials, but that request was denied first by the government and then by the Court. The Court, however, recognizing the substantial challenges imposed on the defense, sought to reduce that burden by ordering the government to produce all witness statements, exhibits and its witness list 75 days before trial. With a January 7, 2019 trial date, that meant that these materials were to be produced on October 24, 2018. Based on that schedule, Mr. Levy and his counsel planned their schedules accordingly, making commitments to their families, other clients, and to health issues that would not conflict with the schedule set by Your Honor. By way of example:

- Mr. Fodeman committed to a family trip and reunion in late-August and early September celebrating a significant birthday for his mother-in-law; Mr. Sommer committed to a trip out of the country with his wife during the last week of August and into early September; Ms. McCarthy made all arrangements for a vacation with her family and friends during the first 10 days of September; and Mr. Levy rented a house to spend three weeks with his wife and two young daughters during the last three weeks of August.

- Mr. Sommer agreed to conduct a mediation on behalf of another client he has been representing in a significant civil action in the Southern District of New York during October



**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

The Honorable Brian M. Cogan
July 17, 2018
Page 2 of 2

3, 4 and 5.  This matter involves a substantial number of individuals and attorneys traveling from outside the United States to meet with counsel and a mediator in New York.

- Mr. Sommer scheduled a significant medical procedure on October 15, 2018 so that he can be strong enough to devote the time needed for final trial preparation in November and December and the demanding hours attendant to a trial of this magnitude.  That procedure cannot be put off until after the trial, and it cannot be done before a September trial such that Mr. Sommer would be able to meet his obligations to his client and the Court.  Moreover, there is no prospect of the trial being completed by October 15th as the Jewish holidays in September and October will limit the number of available trial days:  religious observance by most if not all of the defendants and many of the lawyers will impact September 10, 11, 18, 19, 24, 25, and October 1 and 2.

In addition, Mr. Levy and his counsel simply cannot be ready for trial on September 4th.  Even if all family vacations in August and September were cancelled, there simply is not sufficient time for Mr. Levy and his counsel to prepare for a September 4th trial.  As noted, we just received an additional 120,000 pages of documents, and the government suggested there is still more to come.  We have relied on the Court's prior communications relating to a trial date, first December and then January, in conducting our practices and meeting commitments to other judges, tribunals and clients, and have devoted time to those other matters in the belief that we still had 25 weeks to prepare for trial – not less than 7.  Moreover, even assuming the government produces its witness statements, exhibits and witness list by the end of next week, instead of the 75 days the Court agreed was reasonable, the defense would have only half that time – and we would need to be reviewing the new productions from the government, preparing expert witness disclosures and making motions *in limine* at the very same time.  The schedule previously established by the Court had each of these tasks sequenced such that the defense would not be overwhelmed just before trial.

Based on the above, Mr. Levy cannot be ready for trial on September 4th and therefore respectfully requests that the trial of this matter go forward on January 7, 2019, as previously ordered by the Court, or at the earliest available date thereafter.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

s/ Michael S. Sommer
Michael S. Sommer
Morris J. Fodeman

Cc:  All Counsel of Record (via CM/ECF)