# LEVINE LEE LLP

## NEW YORK

650 Fifth Avenue
New York, New York 10019
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Seth L. Levine**
212 257 4040 direct
slevine@levinelee.com

January 22, 2019

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Nordlicht, et al.*, No. 1:16-cr-00640-BMC

Dear Judge Cogan:

We represent defendant Daniel Small in the above-captioned matter.  On behalf of Mr. Small and defendant David Levy, we join our co-defendants' request for an evidentiary hearing regarding the Government's leaks of confidential information (the "Amended Motion").  Evidence recently obtained in response to Mr. Nordlicht's Freedom of Information Act request (the "FOIA Disclosures") clears the low threshold for establishing a *prima facie* case under Federal Rule of Criminal Procedure 6(e), and an evidentiary hearing is therefore required.  Accordingly, we request that the Court move forward with the evidentiary hearing tentatively scheduled for February 1, 2019.

As chronicled in the Amended Motion, the FOIA Disclosures suggest that the former lead prosecutor in this matter had repeated substantive communications concerning this case (and others) with reporters from multiple news outlets.  On more than one occasion, these communications shortly preceded the publication of articles, authored by the same reporters with whom the prosecutor communicated, that divulged non-public information that was likely before the grand jury.  While this Court has previously ruled that any claims of improper leaks were speculative—over Defendants' arguments to the contrary—the FOIA Disclosures alter this calculus:  the timing and content of the newly produced evidence establishes at least a factual issue as to whether the leaks to the press in this case originated with the prosecutors and their agents.  For example, on one occasion, the lead prosecutor apparently met with one of the relevant reporters the night before she published an article containing non-public information about Platinum.  (*See* ECF No. 107-1 (Bloomberg article published on June 22, 2016 concerning the grand jury investigation); ECF No. 495-2 at 42-43 (demonstrating that, on June 21, 2016, the lead prosecutor had dinner with one of the Bloomberg reporters who authored this article).)  Moreover, the fact that the FOIA Disclosures were provided to Defendants pursuant to FOIA, and not after Defendants' requests, further calls into question the Government's conduct in this case and weighs in

favor of a hearing.  In addition, the Court should order the Government to produce all communications between any member of the U.S. Attorney's Office and the media concerning the Platinum investigation.

The Second Circuit's recent decision in *United States v. Walters*, 910 F.3d 11 (2d Cir. 2018), also establishes that a hearing is both critical and required to address whether the Government has violated Rule 6(e).  In *Walters*, one of the same agents who participated in the Platinum investigation admitted to repeatedly leaking confidential law enforcement information, including Rule 6(e) material, to the media.  The Court of Appeals reiterated the well-established principle that "a hearing is the preferred course of action where disputed factual issues exist." *Id*. at 28 (citation omitted).  While the appellate court held that the district court in that case did not abuse its discretion in denying the defendant's request for a further evidentiary hearing, the basis for the court's decision was that, unlike here, (1) the paper record was "quite extensive," (2) the district court gave the defendant the opportunity to challenge that record, and (3) the paper record showed that a hearing could not have "further developed the record in any meaningful way." *Id*. at 28-29 (internal quotation marks omitted).

Here, these factors all weigh in favor of conducting a hearing.  First, the paper record in this case is quite thin, composed only of the FOIA Disclosures and Ms. Cooley's affidavit, which is now rendered, at a minimum, incomplete in light of the recently produced evidence.  Second, Defendants' ability to challenge this record has been limited by the timing of the FOIA Disclosures and the lack of discovery from the Government.  In *Walters*, the defendants received discovery from the Government following an internal inquiry, which yielded detailed summaries, documents, and a chronology. *Id.* at 28.  Clearly, that has not yet occurred here, and Defendants have therefore not had a robust opportunity to challenge the complete record regarding the leaks. This dovetails with the third factor in *Walters*—the lack of discovery from the Government and the sparse record at this stage suggest that a hearing is essential to "further develop[] the record in [a] meaningful way." *Id.* at 29.

In addition, the FOIA Disclosures reflect that the prosecutor leading the Platinum investigation may have also violated the Court's sealing order.  As discussed in Defendants' motion for reconsideration filed earlier today (*see* ECF No. 493-1 at 11-12), the Court entered a sealing order based on the Government's representations about the importance of keeping the search warrant and affidavit under seal.  Thus, in addition to the apparent violation of Rule 6(e), the Court should also explore possible violations of the Court's order.

Under these circumstances, we respectfully submit that an evidentiary hearing is appropriate and required to explore the communications (which the record now confirms did take place) between the Government and the media to determine precisely what information was shared and whether the Government violated its obligations under Rule 6(e).  We request that the Court move forward with the scheduled hearing and order the Government to produce all relevant discovery in advance of the hearing.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Seth L. Levine
Seth L. Levine
Christos G. Papapetrou
Dylan A. Stern

cc:     All Counsel of Record (via ECF)