

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022

PHONE 212.999.5800
FAX 212.999.5899

www.wsgr.com

April 9, 2019

**VIA CM/ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *United States v. Mark Nordlicht, et al.*, **No. 1:16-cr-00640-BMC**

Dear Judge Cogan:

  This letter is submitted on behalf of the defendants to ask the Court to preclude the government from calling any witness for whom the government withheld witness statements without justification.

**BACKGROUND**

  On June 29, 2018, after much back and forth between the parties and the Court, the Court Ordered the government to provide Defendants with all witness statements seventy-five days in advance of trial. June 29, 2018 Status Conference Tr. 20:8-10. The government never sought relief from that Order and the Order remains in place.[1]

  On February 26, 2019, trial of this matter was re-scheduled for April 15, 2019. From February 19, 2019 to March 29, 2019, Defendants received no witness statements from the government. On March 29, 2019, the government produced witness statements for 8 witnesses in the form of handwritten notes from government interviews of those witnesses. Five of those interviews occurred in February 2019 and another two occurred in the first week of March. In other words, the government elected to withhold witness statements for as long as 8 weeks. We promptly inquired why the government had withheld the witness statements for so long in the face of a Court Order making clear that earlier disclosure of such statements was required. The government declined to provide Defendants with any explanation. To be clear, the delay was not caused by the

---

[1] The Government made its initial production of Section 3500 material pursuant to the Order on October 24, 2018, seventy-five days before the then-scheduled start of trial of January 7, 2019.

**WSGR Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

The Honorable Brian M. Cogan
April 9, 2019
Page 2 of 3

government reducing handwritten notes to a typed report – we received the handwritten notes themselves, which could have been produced immediately or within days of the interview.[2]

## DISCUSSION

This is far from the first time that the government has flouted the Court's Orders and otherwise engaged in improper conduct in this case. The government repeatedly misrepresented the status of its discovery disclosures to both the defense and the Court; the government made repeated misrepresentations to the Court to secure an Order withholding critical evidence from Defendants; and the government ignored numerous Orders of the Court to produce *Brady* material by specified dates. The Court denied Defendants' motion to dismiss the indictment based on this alarming pattern of prosecutorial misconduct – finding that although the government was not honest with either Defendants or the Court, there was, in the Court's view, no prejudice to Defendants.[3]

The government's latest decision, to intentionally withhold witness statements when the Court had Ordered early disclosure of such statements is equally alarming and demonstrates that the government has ignored the Court's prior Order admonishing it to conduct itself in an honest and forthright manner. We expect the government will again invoke the "no prejudice" mantra for having intentionally withheld witness statements for as much as 8 weeks. We submit that such a defense should be rejected by the Court. First, Defendants have been prejudiced. During the 7 week adjournment of the trial, Defendants could have made use of these witness statements to prepare for trial – that time is now lost. Second, at some point there must be some accountability in this process. It cannot be that the government can routinely violate Court Orders and engage in other misconduct and be excused on the basis of "no prejudice." Such a pervasive pattern of misconduct on the part of the government undermines the public's confidence in the criminal justice system and is intolerable.

In light of the government's latest conduct, Defendants respectfully request that the Court preclude the government from calling at trial any witness for whom it failed to make timely disclosure of witness statements.

---

[2] We have raised with the government that much of the handwriting is ineligible, thereby further frustrating our ability to make effective use of the statements.

[3] Defendants maintain that the Court's determination in this regard was erroneous.



The Honorable Brian M. Cogan
April 9, 2019
Page 3 of 3

                                                      Respectfully submitted,

                                                      WILSON SONSINI GOODRICH & ROSATI
                                                      Professional Corporation


                                                      *s/ Michael S. Sommer*
                                                      Michael S. Sommer
                                                      Morris J. Fodeman

cc:  All Counsel of Record (via CM/ECF)