

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022

PHONE 212.999.5800
FAX 212.999.5899

www.wsgr.com

April 23, 2019

**VIA CM/ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>United States v. Mark Nordlicht, et al.</u>, No. 1:16-cr-00640-BMC

Dear Judge Cogan:

    On January 8, 2019, this Court ruled as follows:

> [A]ny relevance of purported investor losses – which is minimal because the Government is not required to show any particular loss – is substantially outweighed by the undue prejudice that defendants would face from its introduction, wasting time, misleading the jury, and confusing the issues.
>
> [T]o the extent these loses were caused, at least in part, by the involvement of the Receiver and liquidators, they are irrelevant to defendants' intent. And the Government has pointed to no way to separate losses allegedly attributable to defendants from those allegedly attributable to the Receiver and liquidators.

    In opening statements earlier today, the government flagrantly violated this Order; not once, not twice, but three times, telling the jury that investors had lost "millions and millions of dollars."[1]

    In light of the government's intentional violation of the January 8th Order, defendants moved for a mistrial. That application was denied. We now ask that the Court give the jury a curative instruction designed to remove the unfair prejudice the government was warned not to inject into the case but arrogantly did so anyway. Without such an instruction, the defense will have no choice but to meet the government's repeated statements and explain to the jury through witnesses and exhibits

---

[1] The government argues that it was only barred from uttering the words "one billion," and that otherwise it was free to tell the jury that investors suffered losses that were in the "millions and millions." This is a baseless argument in the face of the Court's crystal clear Order that mentioning purported investor losses would impose undue prejudice on the defendants.

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

The Honorable Brian M. Cogan
April 23, 2019
Page 2 of 2

that, among other things: (i) there has been no determination of any loss in this matter; (ii) that the actions of the Receiver and the liquidators stand to be the cause of any loss that any investor may sustain, if such a loss is indeed sustained when the work of the Receiver and the liquidators is completed; and (iii) that any loss was materially contributed to by the leaks made to the media, including the likely source of those leaks. We had understood that the Court's desire to avoid these "mini-trials" and "confusing issues" was precisely what informed its decision to preclude any mention by the government of loss in the first place – a decision which the government ignored.[2]

Our proposed curative instruction is as follows:

"Members of the jury: in its opening statement to you, the government repeatedly said that Platinum investors had lost millions and millions of dollars. I instruct you that the government should not have said that even once because there is no evidence that will be received at this trial that such losses in fact occurred. Accordingly, I ask that you put those statements out of your mind completely and give them no further consideration. I also remind you again that the statements of the lawyers are not evidence."

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Michael S. Sommer*
Michael S. Sommer
Morris J. Fodeman

cc: All Counsel of Record (via CM/ECF)

---

[2] At a minimum, we expect the government to adhere to the Court's January 8th Order and not elicit from investor witnesses any testimony concerning "losses."