UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
   UNITED STATES OF AMERICA,                               :
                                                           :
            - against –                                    :
                                                           :
   MARK NORDLICHT,                                         :   **ORDER**
   DAVID LEVY,                                             :
   DANIEL SMALL,                                           :   16-cr-00640 (BMC)
   JOSEPH MANN,                                            :
   JOSEPH SANFILIPPO, and                                  :
   JEFFREY SHULSE,                                         :
                                                           :
                     Defendants.                           :
---------------------------------------------------------- X

**COGAN**, District Judge.

    This Order resolves certain defense motions as follows:

    1.    Defendants' [660] motion to strike certain testimony by Platinum investor John

Huth, the Government's first witness, is granted in part and denied in part.  The Second Circuit

has directed courts to exclude an investor witness's "indisputably idiosyncratic and unreasonable

viewpoint" from a securities fraud trial.  United States v. Litvak, 889 F.3d 56, 69 (2d Cir. 2018).

However, the Second Circuit has also held "that contractual disclaimers of reliance on prior

misrepresentations do not render those misrepresentations immaterial under the criminal mail

and wire fraud statutes."  United States v. Weaver, 860 F.3d 90, 95 (2d Cir. 2017).

    2.    Huth testified as to his understanding of his rights to redeem his investment in

Platinum.  Unlike in Litvak, where the parties agreed that certain testimony was mistaken, the

parties contest whether Huth's views are even incorrect, let alone idiosyncratic and unreasonable.

Whether Platinum's marketing materials and other communications to its investors – which at

least on their face purport to summarize Huth's rights as an investor – were misleading in light of

the related disclaimers and the language in the underlying investment documents is at the heart

of this trial, and Huth's testimony is not so idiosyncratic or unreasonable as to justify striking

this testimony.  To the extent defendants seek to strike Huth's testimony about his rights to

redeem his investment in Platinum, their motion is denied.

3.    However, Huth also testified about a November 23, 2015 email regarding a

restructuring of the fund Huth invested in.  As compared to the marketing materials discussed

above, the email did not attempt to describe, summarize, or assert Huth's rights as an investor.

Instead, the email invited Huth to vote regarding the restructuring, which Huth "took … to mean

that if [he] didn't want to participate in [the restructuring], then [he] didn't have to."  Huth

appeared to believe that, because he did not vote in favor of the restructuring, his investments

would be immunized from the majority vote of his fellow investors.  Defendants characterize

Huth's beliefs as "utterly wrong."  Although the Government contends that the November 23,

2015 email was misleading because it did not disclose certain information to Huth, the

Government does not contend that Huth's beliefs were accurate.  In fact, paragraph 66 of the

indictment specifically alleges that the restructuring referenced in the November 23, 2015 email

"required consent by a majority of the investors."

4.    Even if Huth's mistaken belief about the restructuring is probative of whether

defendants are guilty of any of the charged offenses, its probative value is substantially

outweighed by the risk of confusing the issues and misleading the jury.  See Litvak, 889 F.3d at

69.  Further, even if the parties could mitigate the potential confusion by clarifying Huth's rights,

this exercise would only waste time by showing something we already know:  Huth was

completely wrong.  Therefore, to the extent defendants seek to strike Huth's testimony regarding

his belief that Platinum could only restructure his investment if he provided his personal consent,

their motion is granted.  Within two days of the entry of this order, defendants may identify the portions of the transcript they propose that the Court strike and may propose an accompanying curative instruction regarding this testimony for the jury.

5. Defendants' [667] motion to preclude the testimony of the Government's second witness, engineer Arthur Garza, as an improper "hybrid" fact/expert witness, is granted in part and denied in part.  A "witness's specialized knowledge, or the fact that he was chosen to carry out an investigation because of this knowledge, does not render his testimony expert as long as it was based on his investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise."  United States v. Rigas, 490 F.3d 208, 224 (2d Cir. 2007) (internal quotation marks and alterations omitted).  Levy contends that "Garza's opinions on how oil and gas properties should be valued, the reliability of reserve reports and their use in valuation, the application of SEC rules on oil and gas valuation, and the proper value of specific oil and gas properties are clearly outside the experience of an average person."  The Court agrees, and Garza is precluded from offering opinions on these topics.[1]

6. However, Garza may testify as to what he did when working for Platinum, provided such testimony is relevant and otherwise admissible.  His testimony may include his contemporaneous views about Platinum's oil and gas investments and his understanding of terminology particular to the oil and gas industry.

7. Levy has also noted that Garza lacks personal knowledge of oil reserves, which is testifying about, because he learned about these reserves from reports from third parties. However, Garza's personal knowledge can come from these reports, rather than an in-person trip

---

[1] The scope of Garza's testimony therefore is narrower than the scope of defendants' "hybrid" fact/expert witness, Stephen Lieberman.  As the Court explained in its April 12, 2019 order, Lieberman may testify as to the reliability of a third-party appraisal of oil reserves, which Garza – as a lay witness – cannot.

to the oil reserves.  Any vulnerability in the testimony on that basis can be explored in cross-examination.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       April 28, 2019