UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br> - against - )<br>MARK NORDLICHT, )<br>DAVID LEVY and )<br>JOSEPH SANFILIPPO, )<br><br>Defendants. ) | Docket No. <u>16-CR-640 (BMC)</u> |

<u>DEFENDANTS' OBJECTIONS AND REVISIONS TO
THE GOVERNMENT'S REQUESTS TO CHARGE</u>

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Michael S. Sommer
Morris J. Fodeman
Kate T. McCarthy
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899
msommer@wsgr.com
mfodeman@wsgr.com
kmccarthy@wsgr.com

*Attorneys for Defendant David Levy*

TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

REQUEST NO. 1 General Requests .............................................................................2

REQUEST NO. 2 Witness Credibility .........................................................................3

REQUEST NO. 3 Unavailable Witnesses ...................................................................5

REQUEST NO. 4 Personal Views of Testifying Witnesses ........................................6

REQUEST NO. 2 5 The Indictment ..............................................................................7

REQUEST NO. 3 6 Knowingly, Intentionally, Willfully ............................................9

    A.      Knowingly ...........................................................................................9

    B.      Intentionally .......................................................................................9

    C.      Willfully..............................................................................................9

    D.      Good Faith ...........................................................................................9

REQUEST NO. 7 Breach of Contract ........................................................................12

REQUEST NO. 4 8 Conspiracy Generally ................................................................13

    A.      First Element: Existence of the Agreement .......................................13

    B.      Second Element: Membership in the Conspiracy...............................15

REQUEST NO. 5 9 Count One ...................................................................................19

REQUEST NO. 6 10 Elements of Count One ..............................................................21

REQUEST NO. 7 11 Dual-Object Conspiracy ..........................................................26

REQUEST NO. 8 12 Elements of Securities Fraud ...................................................27

    A.      First Element — Fraudulent Act ........................................................28

    B.      Second Element – Materiality ...........................................................31

    B C.    Second Third Element – Knowledge, Intent, and Willfulness .............34

    C D.    Third Fourth Element — Instrumentality of Interstate Commerce ........37

REQUEST NO. 9 13 Elements of Investment Adviser Fraud ......................................39

A.    First Element — Investment Adviser ..................................................41

B.    Second Element — Fraudulent Act ..................................................42

C.    Third Element — Knowledge, Intent, and Willfulness .........................44

D.    Fourth Element — Instrumentality of Interstate Commerce ..................45

E.    The Testimony of Amir Shaked ..................................................46

REQUEST NO. ~~10~~ 14 Count Two ..................................................47

REQUEST NO. ~~11~~ 15 Elements of Count Two ..................................................48

REQUEST NO. ~~12~~ 16 Elements of Wire Fraud ..................................................49

A.    First Element — Scheme to Defraud..................................................49

B.    Second Element — Intent to Defraud..................................................53

C     Third Element — Use of Interstate Wires ..................................................54

REQUEST NO. ~~13~~ 17 Count Three ..................................................56

REQUEST NO. ~~14~~ 18 Aiding and Abetting..................................................58

REQUEST NO. ~~15~~ 19 Count Four ..................................................62

REQUEST NO. ~~16~~ 20 Count Five ..................................................64

REQUEST NO. ~~17~~ 21 Count Six ..................................................67

REQUEST NO. ~~18~~ 22 Count Seven ..................................................71

REQUEST NO. ~~19~~ 23 Count Eight ..................................................73

REQUEST NO. ~~20~~ 24 Venue ..................................................75

REQUEST NO. ~~21~~ 25 Transcripts of Tape Recordings ..................................................77

REQUEST NO. ~~22~~ 26 Consensual Recordings ..................................................78

REQUEST NO. ~~23~~ 27 Character Evidence (If Applicable) ..................................................79

REQUEST NO. ~~24~~ 28 Uncharged Persons ..................................................80

REQUEST NO. ~~25~~ 29 Accomplice Testimony ..................................................81

REQUEST NO. ~~26~~ 30 Testimony of Defendant (If applicable)..................................................84

REQUEST NO. ~~27~~ 31 Defendant's Right Not to Testify (If applicable)..................................................85

REQUEST NO. 28 32 Evidence Obtained Pursuant to Lawful Procedures ................................. 86

REQUEST NO. 29 33 Summary Evidence ........................................................................... 87

REQUEST NO. 34 Specific Exhibits/Testimony ......................................................... 88

REQUEST NO. 35 GX-4212 ...................................................................................... 90

CONCLUSION ....................................................................................................... 91

## PRELIMINARY STATEMENT

Defendant David Levy, through his undersigned counsel of record, hereby submits his Objections and Revisions to the Government's Requests to Charge. Language to which the defense objects is struck through. Additional language that the defense submits is necessary to make the instruction an accurate statement of law, or applicable to the facts of the case, is added and highlighted in yellow. To the extent the defense seeks an alternative to the Government's requested instruction, that request is also noted.

1

<u>REQUEST NO. 1</u>
General Requests

The government respectfully requests that the Court charge the jury in its usual

manner on the following subjects:

a.      The function of the Court and the jury;

b.      Equality of the parties before the Court;

c.      Jury communications with lawyers and the Court;

d.      Presumption of innocence;

e.      Burden of proof and reasonable doubt;

f.      Permissible inferences from evidence;

g.      Circumstantial evidence;

h.      Dates approximate and use of conjunctive in the indictment;

i.      Stipulations;

j.      Objections;

l.      Expert witnesses;

m.      Particular investigative techniques not required;

n.      Uncalled witnesses equally available;

o.      Questioning wisdom of law or basing verdict on sympathy or prejudice

prohibited;

p.      Considerations of punishment not the province of the jury; and

q.      Verdict must be unanimous.

<u>REQUEST NO. 2</u>
Witness Credibility

It must be clear to you by now that the government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or a defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of

3

the facts stands up in light of the other evidence in the case.

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Authority

Adapted from Model Federal Jury Instructions ("Sand") Instr. 7-1. *See also Dawkins v. Kirkpatrick*, 2016 U.S. Dist. LEXIS 10436, at *25–*28 (S.D.N.Y. Jan. 27, 2016).

REQUEST NO. 3
Unavailable Witnesses

You have heard evidence and argument about witnesses who have not been called to testify. If you find that an uncalled witness could have been called by the government and would have given important new testimony, and that the government was in the best position to call him or her, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the government.

In deciding whether to draw an inference that the uncalled witness would have testified unfavorably to the government, you may consider whether the witness's testimony would have merely repeated other testimony and evidence already before you.

While both sides have the ability to subpoena witnesses to come to a trial, as I previously told you, both sides do not have the same ability to access witnesses in advance of trial.  This is because witnesses have the right to choose whether to talk to the defense in advance of the trial or not, whereas the government has a grand jury proceeding that it is able to use to compel witnesses to provide information.

In deciding these issues of what any uncalled witness might or might not have said, and who did or did not have access to such witnesses in advance of the trial, you may consider the evidence you heard at the trial about witnesses who did or did not agree to meet with the defense and the circumstances leading to those decisions.

Authority

Adapted from Sand Instr. 6-5 and the Court's instructions at Tr. 5837.

## REQUEST NO. 4
### Personal Views of Testifying Witnesses

Each of the investor witnesses called by the government – Dr. Huth, Mr. Gulkowitz, Mr. Zeitman, and Mr. Shaked – have provided you with their personal views regarding the terms of what has been referred to during trial as "the Fund documents."  Their testimony may be evaluated by you in your deliberations about what an objective, reasonable PPVA investor, to wit, a qualified, accredited, and sophisticated investor, would have considered material to an investment decision.  To the extent that you find, however, that any of the personal beliefs or understandings held by any of the investor witnesses was wrong, mistaken, or based on confused or incorrect beliefs, that investor's point of view cannot be considered by you in your decision regarding any of the defendants.

### Authority

*United States v. Litvak*, 889 F.3d 56 (2d Cir. 2018); *United States v. Shapiro*, 2018 WL 2694440 (D. Conn. June 5, 2018).

<u>REQUEST NO. ~~2~~ 5</u>
The Indictment

The defendants are formally charged in an indictment. As I instructed you at the beginning of this case, an indictment is ==simply notice of what the defendants are charged with== ~~a charge or accusation~~. The Indictment in this case contains a total of 8 counts. You must, as a matter of law, consider each count of the Indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged. In this case, the Indictment groups the counts into ==three groups== ~~two schemes~~. Counts One~~, Two, Three, Four and Five~~ ==through Four== relate to what the government has termed the "Investment Scheme," in connection with which the government alleges the defendants defrauded investors in the Platinum Partners Value Arbitrage Fund, or "PPVA==,~~:~~"== ~~or in the Platinum Partners Northstar Equity Note, also~~ ~~called "PPNE."~~ ==In Count Five, the government alleges that the defendants defrauded individuals and entities who loaned money to PPVA through a series of loans referred to as "PPNE."==[1] ==Finally,== Counts Six, Seven and Eight relate to what the government has termed the "Black Elk Bond Scheme==,~~:~~"== ~~In that scheme~~ ==in which== the government alleges that defendants Nordlicht and Levy defrauded holders of bonds issued by Black Elk Energy by ~~deceiving those bondholders in connection with a~~ ==rigging a== consent solicitation vote in 2014 ==in order to deprive the bond holders of the proceeds of an asset sale==.

In reaching your verdict, bear in mind that guilt ==or non-guilt== is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or

---

[1] The Indictment charges "The PPNE Scheme" as a count separate and apart from the "PPVA" or "Investment Scheme"; therefore, the defense submits it should be referred to separately when charging the jury. *See* Ind. at 41.

lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

Authority

Adapted from Sand Instr. 3-8.

<u>REQUEST NO. ~~5~~ 6</u>
Knowingly, Intentionally, Willfully

During these instructions, you will hear me use the terms "knowingly," "intentionally," ~~and~~ "willfully," and "good faith." Therefore, I will define these terms for you.

A.    <u>Knowingly</u>

To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, misunderstanding, accident, negligence, or carelessness. Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

B.    <u>Intentionally</u>

A person acts "intentionally" when he acts deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious objective decision rather than the product of ~~a~~ mistake, ~~or~~ accident, negligence, carelessness, ignorance, or misunderstanding.

C.    <u>Willfully</u>

To act "willfully" means to act with actual knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. ~~The~~ A defendant's conduct ~~was not~~ cannot be "willful" if it was due to negligence, inadvertence, ~~or~~ mistake, misunderstanding, or ignorance.

D.    <u>Good Faith</u>

Because the government must prove that a defendant acted willfully and with intent to defraud in order to establish a defendant's guilt on any count in the Indictment, the good faith of a defendant is a complete defense to each count in the Indictment. I say it is a defense, but I want to make it clear the defendant has no burden of establishing his good faith. The burden is on the government to prove beyond a reasonable doubt that the defendant acted willfully and,

9

consequently, that he lacked good faith.

However misleading or deceptive an act may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by the defendant and an honest belief that all material facts have been disclosed, or are permissible, is a complete defense, even if the statements turn out to be inaccurate. Accordingly, a person who acts, or causes another person to act, based on a belief that the intended action complies with the law is not punishable under the statutes relevant to this case merely because that belief turns to be inaccurate, incorrect, or wrong.

If a defendant believed in good faith that he was acting lawfully, even if he was mistaken in that belief, and even if others were harmed by his conduct, there would be no crime. Again, the burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case.[2]

Whether a person acted knowingly, intentionally, or willfully is a question of fact for you to determine, like any other fact question. ~~Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. In either case, the essential elements of the crime charged must be established beyond a reasonable~~

---

[2] Adapted from the charge of the Hon. Janet C. Hall in *United States v. Litvak*, 13-CR-19 (D. Conn.) Tr. at 1502-03 (Jan. 13, 2017), and Sand Instr. 57-16.

~~doubt.~~[3] In determining the issues of knowledge, intent, and willfulness, and whether they have been proven beyond a reasonable doubt, you may consider circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence, or the lack of evidence, and the rational or logical inferences that may be drawn therefrom. Similarly, evidence of a defendant's good-faith belief can take many forms, including statements, behavior, actions, and even inaction. It can also be based on a defendant's understanding of the role of legal counsel. Of course, to find that any defendant acted knowingly, intentionally, or willfully, and without good faith, you must find that the government has proven it beyond a reasonable doubt.[4]

<u>Authority</u>

To the extent not directly cited, adapted from the Charges of the Hon. Brian M. Cogan in *United States v. Petrossi*, No. 16-CR-234 (E.D.N.Y. 2017) (hereinafter the "*Petrossi* Jury Charge"), Trial Tr. 1118-1119; Sand Instr. 3A-3.

---

[3] The removed sentences are inconsistent with Sand Instr. ¶ 3.01, unduly argumentative, and unnecessary.

[4] Adapted from the *Petrossi* Jury Charge, Trial Tr. 1128-1136; Sand Instrs. 57- 21, 57-24; Charge of the Honorable Kiyo A. Matsumoto, *United States v. Martin Shkreli*, 15- CR-637 (E.D.N.Y. 2018); *United States v. Weaver*, 860 F.3d 90, 95-96 (2d Cir. 2018); *United States v. Rutigliano*, 790 F.3d 389, 397 (2d Cir. 2015); *United States v. Lane*, 474 U.S. 438, 452-53 (1986).

## REQUEST NO. 7
### Breach of Contract

The government has alleged in this case that certain of the terms of the Fund documents were not honored by one or more of the defendants.  I instruct you that where the allegation is that the terms of the Fund documents were not honored or were breached, the law requires more than just the fact of an alleged breach to support a conviction.  Rather, the government must prove beyond a reasonable doubt that at the time the investor invested in PPVA, the defendant you are considering had at that time no intention of abiding by the terms of the Fund documents.  A subsequent decision by a defendant not to abide by one or more of the terms of the Fund documents, even one that is willful, cannot be the basis for a conviction.  Rather, the government must prove beyond reasonable doubt that at the time the contract was entered into, the defendant you are considering had the fraudulent intent not to abide by the terms of the Fund documents.

### Authority

*United States ex rel. Edward O'Donnell v. Countrywide Home Loans*, 822 F.3d 650, 662 (2d Cir. 2016).

12

<u>REQUEST NO. 4 8</u>
Conspiracy Generally

Counts One and Two of the Indictment, relating to the alleged Investment

Scheme, and Counts Six and Seven of the Indictment, relating to the alleged Black Elk Bond

Scheme, each charge certain defendants with participating in a "conspiracy." A conspiracy is a

kind of criminal partnership — an agreement of two or more persons to join together to

accomplish some unlawful purpose, whether or not they were successful. The essence of the

crime of conspiracy is an agreement or understanding to violate another law. A conspiracy is

punishable as a crime even if it fails to achieve its purpose.[5]

The crime of conspiracy is an independent crime, an entirely separate and

different offense from the underlying crime that a defendant is alleged to have agreed to commit.

Before you may convict a defendant of In order to satisfy its burden of proof on the charges of

conspiracy, the government must establish each of the following two essential elements must be

established beyond a reasonable doubt:

First, that two or more persons entered into an agreement to commit a crime;

Second, that the defendant knowingly and intentionally willfully became a

member of the conspiracy.[6]

A.    First Element: Existence of the Agreement

To establish that a conspiracy existed, the government is not required to prove

that the coconspirators entered into a solemn formal contract orally or in writing stating that they

---

[5] The first removed sentence is duplicative and unnecessary, particularly considering the preceding sentence. The second removed sentence is objectionable as argumentative. The defense submits that the addition of "whether or not they were successful" to the end of the second sentence, adapted directly from Sand Instr. 19-3S, more fairly demonstrates the standard.

[6] The phrase "knowingly and intentionally" is objectionable as misleading and an incorrect statement of law.  The standard for conspiracy requires that each defendant "knowingly and *willfully* became a member of the conspiracy."  Sand Instr. 19-3 (emphasis added).

13

have formed a conspiracy to violate the law. The government, however, must ~~need only~~ prove beyond a reasonable doubt that two or more persons explicitly or implicitly came to an understanding to achieve the specified unlawful object.

You can find that the existence of an agreement between two or more persons to commit a crime has been established by direct evidence. But since ~~a conspiracy is by its very nature characterized by secrecy,~~ direct proof may not be available~~; therefore~~, you may ~~infer~~ find the existence of a conspiracy from what is called circumstantial evidence, or the surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them ~~the circumstances of the case and the conduct of the parties involved. In other words, in the context of conspiracy cases, actions may speak louder than words.~~[7]

In determining whether or not the government has proven beyond a reasonable doubt that ~~the charged conspiracy~~ an agreement to violate the law existed, you may consider all the actions and statements of all those who you find to have agreed to be participants. Did each participant knowingly and willfully agree to get together to do something the law forbids? ~~Ask yourselves whether they were knowingly and willfully acting together for the accomplishment of the charged criminal purpose.~~ If they did ~~were~~, this first element is satisfied. If, however, they were acting together for some proper purpose, or ~~unrelated to the underlying crime,~~ even a separate or different criminal purpose, the government would not have satisfied the first element, and you must then find the defendants not guilty of any conspiracy.

It is not necessary for the government to prove that the ultimate illegal objectives

---

[7] The removed phrases are objectionable as unnecessary and argumentative. The defense submits the proposed additions are more appropriate in accurately stating the law.

of the conspiracy were successfully accomplished. It is enough if the government has proved ~~beyond a reasonable doubt~~ that two or more persons, in any way, expressly or impliedly came to a common understanding to violate the law ~~as charged in the Indictment~~ ~~This means that you may find a defendant guilty of conspiracy even if you find that the objects of the conspiracy were never actually committed~~.[8]

If upon all the evidence, direct and circumstantial, you are satisfied beyond a reasonable doubt that the minds of at least two of the alleged conspirators met, and that they agreed to work together to accomplish the object of the conspiracy alleged in that charge in the Indictment, then the first element, the existence of the conspiracy, has been established. If, however, you find that the government has not proven beyond a reasonable doubt that ~~two or more of the alleged co-conspirators had a meeting of the minds to specifically violate the law as alleged in that charge of the Indictment,~~ the~~n~~ ~~conspiracy alleged in that charge in the Indictment did exist, then~~ ~~I instruct~~ you ~~that you must~~ ~~have to~~ find the defendants not guilty of that charge.

B.    <u>Second Element: Membership in the Conspiracy</u>

The second element that the government has to prove beyond a reasonable doubt is that ~~a~~ the defendant ~~you are considering~~ knowingly, ~~and~~ willfully, ~~and voluntarily~~ became a member of the charged conspiracy. ~~In considering this element, my instructions on knowledge, willfulness, and good faith apply.~~ The defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.[9]

---

[8] The proposed additions are necessary to accurately state the government's burden of proof. The final sentence of the paragraph is objectionable as cumulative and unduly argumentative.

[9] The defense submits that the addition of "voluntarily" to the standard for the element of "membership in the conspiracy" is necessary to accurately state the law. *See* Sand Instr. 19-6 ("The second element that the government must prove beyond a reasonable doubt to establish the

15

~~The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that T~~o become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details ~~, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.~~ ~~Furthermore, the defendant need not have joined in~~ or have agreed to join in all of the conspiracy's unlawful objectives. On the other hand, a person who the government has failed to prove beyond a reasonable doubt has ~~no~~ knowledge of the conspiracy, ~~but~~ or who happens to act in a way which furthers some objective or purpose of the conspiracy without having knowledge of the conspiracy, does not thereby become a conspirator.[10]

Mere association by a defendant with a conspirator does not make the defendant a member of the conspiracy, even if he knows of the existence of the conspiracy. A person may know, work with, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. In other words, knowledge or acquiescence without participation in the unlawful plan is ~~it~~ not enough; the defendant himself must willfully participate in the conspiracy with the purpose of helping to achieve at least one of its unlawful objects. And of course, a defendant cannot become a member of the conspiracy by accident, mistake, or misunderstanding. I remind you that the words willfully, intentionally, and knowingly, which I just defined for you, make clear that to become a

---

offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.").

[10] The defense submits that the proposed additions are necessary to accurately state the law and avoid misleading the jury.  *See* Sand Instr. 19-6.

member of a conspiracy, there can be no such mistake or negligence or misunderstanding. It must be an intentional and deliberate decision to join and you must assess each defendant specifically in making this evaluation. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.[11]

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators can play major roles, while others can play minor parts in the scheme. An equal role is not what the law requires. ~~In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.~~[12]

If you find that the government has failed to prove beyond a reasonable doubt that the defendant you are considering knowingly, willfully, and intentionally joined the conspiracy as charged in the indictment, then I instruct you that you must find that defendant not guilty of the conspiracy count you are considering.[13]

You will see, as I continue with these instructions, that some kinds of conspiracy charges require proof of an additional element, while others do not. But all of them have at least these two elements that I have just explained to you in common; that is the existence of a

---

[11] The defense submits that the proposed additions are necessary to accurately state the law and avoid misleading the jury. *See* Sand Instr. 19-6.

[12] The removed sentence is cumulative and unduly argumentative.

[13] The defense submits that the proposed additions are necessary to accurately state the law and describe the government's burden of proof.

conspiracy and the defendant's knowing and willful participation in it.

<u>Authority</u>

To the extent not directly cited, adapted from the *Petrossi* Jury Charge, Trial Tr. 119-1123; and Sand Instr. 19-3, 19-6.

<u>REQUEST NO. ~~5~~ 9</u>
Count One

Let me now turn to the specific counts in the Indictment. I will first address Count

One. Count One of the Indictment charges defendants MARK NORDLICHT, DAVID LEVY,

and JOSEPH SANFILIPPO with conspiracy to commit securities fraud and investment adviser

fraud in connection with the Investment Scheme. Specifically, Count One states, in pertinent

part:

> In or about and between November 2012 and December 2016, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendants MARK
> NORDLICHT, DAVID LEVY, and JOSEPH SANFILIPPO,
> together with others, did knowingly and willfully conspire:
>
>> a.      to use and employ manipulative and deceptive
>> devices and contrivances, contrary to Rule 10b-5 of the
>> Rules and Regulations of the United States Securities and
>> Exchange Commission, Title 17, Code of Federal
>> Regulations, Section 240.10b-5, by: (i) employing devices,
>> schemes and artifices to defraud; (ii) making untrue
>> statements of  material fact and omitting to state material
>> facts necessary in order to make the statements made, in
>> light of the circumstances under which they were made, not
>> misleading; and (iii) engaging in acts, practices and courses
>> of business which would and did operate as a fraud and
>> deceit upon investors and prospective investors in PPVA,
>> PPCO and PPNE, in connection with the purchase and sale
>> of investments in PPVA, PPCO and PPNE, directly and
>> indirectly, by use of means and instrumentalities of
>> interstate commerce and the mails, contrary to Title 15,
>> United States Code, Sections 78j(b) and 78ff; and
>>
>> b.      to use the mails and other means and
>> instrumentalities of interstate commerce, directly and
>> indirectly: (i) to employ devices, schemes and artifices to
>> defraud Platinum Management's clients and prospective
>> clients; (ii) to engage in transactions, practices and courses
>> of business which operated as a fraud and deceit upon
>> Platinum Management's clients and prospective clients;
>> and (iii) to engage in acts, practices and courses of business
>> which were fraudulent, deceptive and manipulative,
>> contrary to Title 15, United States Code, Sections 80b-6

19

and 80b-17.

The relevant statutes on this subject are 18 U.S.C. § 371, which provides, in

pertinent part:

> If two or more persons conspire . . . to commit any offense against the United States, . . . and one or more of such persons do any act to effect the object of the conspiracy, each shall be [punished].

15 U.S.C. § 78j(b), which provides in relevant part that:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange —
>
> To use or employ, in connection with the purchase or sale of any security. . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission [the SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

And 15 U.S.C. § 80b-6, which provides in relevant part that:

> It shall be unlawful for any investment adviser by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly —
>
> (1)     to employ any device, scheme, or artifice to defraud any client or prospective client;
>
> (2)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or
>
> (3)     to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

<u>Authority</u>

Adapted from the *Petrossi* Jury Charge, Trial Tr. 1123-1124.

REQUEST NO. ~~6~~ 10
Elements of Count One

In order to prove that a defendant committed the crime charged in Count One, the

government must prove each of the following elements beyond a reasonable doubt:

First, that a conspiracy existed to commit securities fraud and investment adviser

fraud as charged in this Count One.

Second, that the defendant ~~in question~~ you are considering knowingly and

willfully became a member of ~~the~~ that conspiracy, with the intent required to commit the object

of the charged conspiracy. Those are the first two elements of all conspiracies that I just

explained to you.[14]

And Third, that an overt act occurred in furtherance of the conspiracy; that is,

someone within the conspiracy knowingly and willfully took some action that advanced the

goals of the conspiracy.

As to the first and second elements, you should apply my instructions on

knowledge, willfulness, good faith, the existence of the conspiracy and knowing and willful

membership in the conspiracy.

~~As to the first and second elements, I just told you what it means to conspire.~~

~~Those instructions apply to this count.[15]~~

~~The third element is that an overt act occurred in furtherance of the conspiracy;~~

~~that is, someone within the conspiracy took some action that advanced the goals of the~~

~~conspiracy.[16]~~

---

[14] The defense submits that the proposed additions more accurately state the law. *See* Sand Instr.
19-3S, 19-6.
[15] This paragraph is cumulative and unnecessary.
[16] This paragraph is cumulative and unnecessary.

The indictment alleges the following overt acts:

First, on or about February 3, 2014, NORDLICHT sent an email to SANFILIPPO that stated: "It does not look like we will be bringing in ggo into black elk. Black elk[']s value as of yr end was based on the expectation we [would] be exercising the option on golden gate. Given our current thinking, please correct the yr end values and add 125 to golden gate and deduct 125 from black elk."

Second, on or about March 17, 2014, NORDLICHT sent an email to alleged[17] co-conspirator Daniel Small concerning PPVA's and PPCO's 2012 profit and loss margins that stated, in part: "This is also the week I need to figure out how to restructure and raise money to pay back 110 million of preferred which if unsuccessful, wd be the end of the fund. This 'liquidity' crunch was caused by our mismanagement – yours David and I – of the black elk position so I will multitask and also address your concerns but forgive me if I am a little distracted."

Third, on or about March 28, 2014, alleged co-conspirator Joe Mann sent an email to Amir Shaked attaching summaries regarding Black Elk and Golden Gate and PPVA's marketing report, that stated, in part: "Thank you for your call today. I just spoke to our CFO (Joseph SanFilippo) and our CRO []; they started working on the Marketing Report for 2/28/2014 and have completed the first page, which I have attached."

Fourth, on or about June 16, 2014, NORDLICHT sent an email to alleged co-conspirator Uri Landesman that stated, in part: "I think we need to revamp the strategy on PPVA and figure out what to do. It can't go on like this or practically, we will need to wind down. I

---

[17] The defense submits that the addition of "alleged" prior to "co-conspirator" is necessary to avoid misleading the jury.

think we can overcome but this is code red, we can't go on with status quo. We need to be very aggressive if we want to stay open. We can't pay out 25 million in [redemptions] per quarter and have 5 [million] come in."

Fifth, on or about June 27, 2014, NORDLICHT sent an email to John Hoffman, copying LEVY, Small and <mark>alleged</mark> co-conspirator Jeffrey Shulse, that stated, in part: "Unfortunately, at this moment, the equity in black elk is not worth that much because of debt overhang and payables overhang."

Sixth, on or about September 8, 2014, Landesman sent an email to <mark>alleged</mark> co-conspirator Michael Kimelman and Joseph Ritterman, a Platinum employee, that stated: "Please have on file for me a redemption request of $6 mil. in PPVA, and the entirety of my positions in PPLO and PPCO."

Seventh, on or about November 25, 2014, Mann sent an email to Small and Andrew Kaplan concerning Amir Shaked that stated, in part: "I sorted out the discrepancy with Amir regarding Black Elk's Valuation, but Amir still wants to know more about Black Elk after reading the 10-Q and seeing that their website hasn't been updated in a while."

Eighth, on or about December 8, 2014, Mann sent an email to Amir Shaked that stated, in part: "I have received the value of Black Elk in PPVA and it is $84,101,065.34 as of 9/30. . . I will try to get [the marketing report and the transparency & exposure report] to you as soon as my CFO has it."

Ninth, on or about January 30, 2015, NORDLICHT sent an email to Kimelman, who had provided NORDLICHT with a list of pending redemptions from investors, that stated, in part: "I [would] like to start getting set amounts out. Pay [four investors]. Those are the ones that are not insiders."

Tenth, on or about May 7, 2015, Landesman sent an email to Esgher van Oosterbosch that stated, in part: "we had every intent of sending you a wire last week, two large payments we were expecting from significant borrowers are late, applying maximum pressure, should be resolved by next week, we are truly sorry for the delay."

To satisfy this third overt act element, the government has to prove beyond a reasonable doubt that at least one of the conspirators, not necessarily a defendant, knowingly and willfully committed at least one overt act alleged in the indictment for the purpose of furthering some objective of the conspiracy. For the government to satisfy this element, it is not required to prove all of the overt acts that I just read to you, or that any particular overt act was committed at precisely the time alleged in the indictment, nor do you all have to agree on the same overt act. It is sufficient if each one of you is convinced The government must prove beyond a reasonable doubt that at least one overt act occurred, that it occurred at about the time and place stated, and that the overt act was knowingly and willfully committed by an alleged conspirator for the purpose of carrying out the unlawful agreement.[18]

In other words, for Count One, there has to be something more than an agreement; the two elements of conspiracy earlier described; there must in addition be some overt step or action must have been knowingly and willfully taken by one of the conspirators in furtherance of the conspiracy.[19]

The overt act element, to put it another way, is a requirement that the agreement

---

[18] The defense submits that the addition of "knowingly and willfully" and "by an alleged conspirator" are necessary to accurately state the law. *See* Sand Instr. 19-8 ("In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment.").

[19] The defense submits that the proposed additions are necessary to accurately state the law. *See* Sand Instr. 19-8.

went beyond the mere talking and agreement stage. Bear in mind, however, that the overt act standing alone may be an innocent lawful act. ~~Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme; therefore, you are instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.~~[20]

Similarly, it is not necessary for the government to prove that each member of the conspiracy committed or participated in the overt act. It is sufficient ~~if you find~~ for the government to prove that at least one overt act was, in fact, knowingly and willfully performed by at least one conspirator, whether a defendant or another coconspirator, to further the conspiracy within the time frame of the conspiracy.[21]

<u>Authority</u>

To the extent not directly cited, adapted from *Petrossi*, Tr. at 1144:3-15.

---

[20] The removed sentences are objectionable as unnecessary, cumulative, and overly argumentative.

[21] The defense submits that the proposed alterations more accurately reflect the government's burden of proof and are necessary to accurately state the law. *See* Sand Instr. 19-7, 19-8.

REQUEST NO. ~~7~~ 11
Dual-Object Conspiracy

Count One charges a conspiracy with two objects or purposes: (1) to commit securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; and (2) to commit investment adviser fraud, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17.

The government does not need to prove both objects of the conspiracy for you to find that the government has proven any of the defendants guilty of Count One beyond a reasonable doubt. The government need only prove one object beyond a reasonable doubt so long as you are all unanimous as to which object has been proved. In other words, if some of you are not convinced beyond a reasonable doubt as to one object, and others of you are not convinced beyond a reasonable doubt as to the other, even if you all agree that at least one of the objects was proved beyond a reasonable doubt, that is not sufficient and you must find the defendants not guilty.[22]

Authority

Adapted from *Petrossi*, Trial Tr. at 1144:3-15.

---

[22] The defense submits that the proposed additions are necessary for clarity and to accurately state the law.

26

REQUEST NO. ~~8~~ 12
Elements of Securities Fraud

In order for you to determine whether the government has proven the charge of conspiracy in Count One, I need to explain the substantive crimes of securities and investment adviser fraud.

The charge is for conspiracy, but the claim is that the conspirators were seeking to commit the substantive crimes of securities fraud and investment adviser fraud. So for you to determine whether a conspiracy has been proven beyond a reasonable doubt, I now need to tell you what securities fraud is and what investment adviser fraud is.

Remember that as to this count, the issue is not whether a defendant actually committed securities fraud or investment adviser fraud. Rather the issue is whether a conspiracy to commit securities fraud and investment adviser fraud existed, and whether the defendant you are considering knowingly and willfully ~~he~~ entered into ~~a~~ that conspiracy to commit securities fraud and investment adviser fraud.

The elements of the substantive crime of securities fraud are as follows:

<u>First</u>, that in connection with the purchase or sale of a security, the defendant did any one or more of three ~~unlawful~~ requisite acts. ~~I am going to call these going forward the "three unlawful acts." They are as follows~~:

    (1)     employed a device, scheme or artifice to defraud, or

    (2)     made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

    (3)     engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

<u>Second</u>, the statement or conduct was related to a fact that would be material to a

27

reasonable investor.

Third, that the defendant acted willfully, knowingly, and with the intent to defraud.

And ~~third~~ fourth, that the defendant knowingly used or caused to be used any means or instruments of transportation or communication in interstate commerce, or the use of the mails in furtherance of the fraudulent conduct.

Let me go over those one at a time.

A.     First Element — Fraudulent Act

As I just explained to you, the first element is that in connection with the purchase or sale of a security, the defendant you are considering did any one or more of these ~~the three unlawful~~ requisite acts, or in the case of a conspiracy, agreed that the conspiracy would commit one or more of these ~~the three unlawful~~ requisite acts. ~~The government does not need to prove all three of the unlawful acts, any one will be sufficient to satisfy this element. But here, y~~ You have to be unanimous as to which ~~unlawful~~ requisite act the government has proven beyond a reasonable doubt. You all have to agree on the same unlawful act, and if you cannot, then the defendant you are considering is not guilty.

A device, scheme or artifice to defraud is ~~merely~~ a plan for the accomplishment of ~~any~~ an unlawful objective. Fraud is a general term which encompasses all efforts and means that individuals devise to unlawfully, willfully, and intentionally take advantage of others.

~~The law at issue here prohibits all kinds of manipulative and deceptive acts. The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case.~~

~~You need not find that the defendant conspired to actually participate in any securities transaction if the defendant conspired to engage in fraudulent conduct that was in~~

28

~~connection with a purchase or a sale.~~[23] The in-connection-with aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. I instruct you that, as a matter of law, limited partnership interests in a hedge fund and publicly traded bonds are both types of securities. Fraudulent conduct may be in connection with the purchase or sale of securities if you find that the <mark>alleged</mark> fraudulent conduct touched upon a securities transaction. ~~Fraudulent conduct is also in connection with the purchase or sale of securities if the conduct occurs after the purchase of securities and lulls an investor into a false sense of security, thereby causing the investor to postpone his or her ultimate complaint to the authorities.~~[24]

It is not necessary for you to find that the defendant was the actual seller or offeror of the securities, but you must find that the defendant participated in the scheme of fraudulent conduct that involved the purchase or sale of securities. <mark>Of course, if the government has failed to prove that the defendant you are considering engaged in fraudulent conduct, then this element would not be satisfied and you would have to find the defendant you are considering not guilty.</mark>

With regard to ~~the~~ alleged misrepresentations and omissions, you must determine whether ~~the~~ <mark>a</mark> statement was true or false when it was made. And in the case of alleged omissions, whether the omission was <mark>materially</mark> misleading <mark>at the time it was omitted.</mark> ~~A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it orcausing it to be made. A representation or statement is fraudulent if it was made with the intention to deceive.~~ <mark>The concealment of material</mark>

---

[23] The removed sentences are cumulative and unduly argumentative.
[24] The removed sentence is unnecessary and unduly argumentative.

facts in a manner which makes what was said or represented deliberately misleading may also constitute false or fraudulent statements under the statute. Standing alone, bad faith is not fraud. In the world of business, a practice may be deceitful, even repugnant to standards of business morality, and nevertheless fall short of fraud. A sharp business practice may be unethical or dishonest, but that does not make it fraudulent.[25] Criminal law generally regulates action, rather than omission, and, thus, for you to find criminal liability based upon a failure to act the government must first prove beyond a reasonable doubt that the defendant had a duty to act. This duty to act must be a legal duty and not simply a moral duty.[26]

False or fraudulent statements under the statute may include the concealment or omission of material facts in a manner that makes what is said or represented deliberately misleading. However, for a statement to be materially false based on an omission because it omits material information, there must be a duty to disclose such information. This duty may arise because a defendant has made partial or ambiguous statements that require further disclosure in order to avoid being misleading. This duty may also arise if the defendant bears a duty to disclose information by virtue of his relationship with an investor. Here, the government

---

[25] The proposed addition was adapted from the charges of the Hon. Janet C. Hall in *Litvak*, Tr. at 1495-96, and the "standing alone" argument comes from *Countrywide*. The last sentence is derived from *United States v. Weimert*, 819 F.3d 351, 357 (7th Cir. 2016) ("Not all conduct that strikes a court as sharp dealing or unethical conduct is a 'scheme or artifice to defraud.'") (internal citations omitted).

[26] *See* <u>United States v. Sabhnani</u>, 599 F.3d 215, 237–38 (2d Cir. 2010) citing to 1 Wayne R. LaFave, *Substantive Criminal Law* § 6.2 (2d ed. 2008) and relying on *United States v. Labat,* 905 F.2d 18, 23 (2d Cir. 1990), *Morissette v. United States,* 342 U.S. 246, 250, 72 S. Ct. 240, 96 L.Ed. 288 (1952); *United States v. Rybicki,* 354 F.3d 124, 135–36 (2d Cir. 2003) and *Jones v. United States,* 308 F.2d 307, 310–11 (D.C. Cir. 1962)

~~has alleged that Platinum Partners was an investment adviser. An investment adviser has an affirmative duty of utmost good faith, and full and fair disclosure of all material facts, as well as an affirmative obligation to employ reasonable care to avoid misleading its clients. I instruct you that a fiduciary owes a duty to its investors disclose all material facts concerning a transaction entrusted to it.~~[27] Furthermore, I instruct you that the defendants had no duty to disclose to the investors any internal deliberations or expressions of doubt among Platinum employees.[28]

B. Second Element – Materiality[29]

If you find that the government has established beyond a reasonable doubt that a statement was false or omitted, you must next determine whether the fact misstated or omitted was material under the circumstances.[30]

---

[27] The stricken sentences are objectionable as unduly argumentative and misleading. First, it is misleading to incorporate the elements of investment adviser fraud into the charges for securities fraud. Second, it is misleading to note that "the government has alleged that Platinum Partners was an investment adviser" without instructing the jury that, under the elements for investment adviser fraud, this is a fact the government has the burden of proving beyond a reasonable doubt. Third, the instruction is misleading in that it impermissibly draws the inference that the defendants were fiduciaries of Platinum's investors. Even if the defendants were investment advisers – and they are not; the investment adviser for the Platinum funds was Platinum Partners Management NY (PMNY) – cases in both this Circuit and others have found that "a hedge fund adviser's client, for purposes of the Advisers Act, is the hedge fund, not the hedge fund investors." *SEC v. Northshore Asset Mgmt.*, No. 05 CIV. 2192 (WHP), 2008 WL 1968299, at *5-6 (S.D.N.Y. May 5, 2008) (citing *Goldstein v. SEC*, 451 F.3d 873, 876 (D.C. Cir. 2006)).

[28] *See In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 267 (2d Cir. 1993) (a corporation "is not required to disclose a fact merely because a reasonable investor would very much like to know that fact. Rather, an omission is actionable under the securities law only when the corporation is subject to a duty to disclose the omitted fact."). *See also In re Duane Reade Inc. Sec. Lit.*, No. 02 Civ. 6478, 2003 WL 22801416, at *7, n.15 (S.D.N.Y. Nov. 25, 2003) ("even when facts are material, a business need not disclose them immediately; rather, 'the timing of disclosure is a matter for the business judgment of the corporate officers entrusted with the management of the corporation within the affirmative disclosure requirements promulgated by the exchanges and by the SEC.'") (quoting *SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 851, n.12 (2d Cir. 1968)).

[29] The defense submits that materiality should be addressed as a separate, requisite element of securities fraud.

[30] The addition of "beyond a reasonable doubt" in the first sentence is necessary to accurately

A material fact is one that would have been significant to a reasonable investor's investment decision. In order for you to find that a misrepresentation was material, the government must prove beyond a reasonable doubt that there was a substantial likelihood that the misstated fact would have been viewed by a reasonable investor as having significantly altered the total mix of information available. To significantly alter the total mix of information available, means to meaningfully affect a reasonable investor's investment decisions. ~~However, to be material, a misstatement need not determine any particular outcome.~~

~~Moreover, just because investors are required to sign a document stating that they will not rely on information outside of a defined set of documents, that does not render statements made outside that set of documents necessarily immaterial. You, the jury, must consider whether the misrepresentation or omission altered the total mix of information made available to investors.~~[31] To be material, the government must also prove beyond a reasonable doubt a substantial likelihood that the disclosure of the truth would have assumed actual significance in the deliberations of the reasonable investor. In other words, in order to be material, the false statement must have been of such importance that it could reasonably be expected to cause or induce a reasonable investor to act or not act with respect to the transaction at issue.[32]

~~The government need not prove that the misrepresentation would have deceived a person of ordinary intelligence. Once you find that there was material misrepresentation or~~

---

state the law. *See* Sand Instr. 57-21 ("If you find that the government has established *beyond a reasonable doubt* that a statement was false (or omitted), you must next determine whether the fact misstated was material under the circumstances.") (emphasis added).

[31] This paragraph is unnecessary, unduly argumentative, and inaccurate.

[32] The defense submits that the additional proposed language is necessary to accurately state the law. *See Litvak*, Tr. at 1498.

~~omission of material facts, it does not matter whether the intended victims were gullible buyers or sophisticated investors because the securities laws protect the gullible and unsophisticated as well as the experienced investor.~~[33]

The securities fraud statute does not prohibit misstatements that would be minor, trivial, obvious, or unimportant to a reasonable investor. The word material is used to distinguish the kinds of statements that would have been significant to a reasonable investor in making an investment decision from those that would be of no real importance to that investor. The fact that information mattered to an investor is not sufficient for it to be material. In order to be material, there must be a substantial likelihood that a reasonable investor would find the misrepresentation significant in making an investment decision. That is, the misrepresentation would have had to make a difference in the investor's position; if there would have been no change – for example, maybe there was no investment decision left to make because the decision was already made when the misrepresentation occurred, or the investor had no other options, or a different decision would have had no impact — then the misrepresentation cannot be material as a matter of law. Furthermore, a false statement cannot be material if it constitutes mere puffing or sales talk that would not in the view of a reasonable investor significantly alter the total mix of information available in making an investment decision.[34]

~~Nor does it matter whether the alleged unlawful conduct was successful or not, or that the defendant profited or received any benefit as a result of the alleged scheme. Success is not an element of the crime charged. However, if you find that the defendant did profit from the alleged scheme, you may consider that in relation to the second element of intent, which is what~~

---

[33] This paragraph is unnecessary, unduly argumentative, and inaccurate.

[34]. The defense submits that the additional proposed language is necessary to accurately state the law. *See Litvak*, Tr. at 1498-99.

~~I am going to cover next.~~ The standard of a "reasonable investor" may vary with the nature of the participants involved in a particular market or investment position. In determining whether the stated fact is material, you must consider the sophistication of investors in the market at issue and the sorts of information available to investors in that market. You may consider all the evidence about what such a sophisticated reasonable investor would consider important when making an investment decision and approach the question of materiality objectively and decide for yourself whether the government has proven materiality beyond a reasonable doubt. You must assess whether the false statement fact was material based on all the facts available to a reasonable investor as of the time of the transaction and not upon a hindsight view, including any contract that that investor signed. While the particular market is relevant, materiality is still an objective standard – materiality cannot be proven by the mistaken beliefs of the worst informed participant in a market.[35]

> ~~B~~ C.   ~~Second~~ Third Element – Knowledge, Intent, and Willfulness

The third ~~second~~ element of securities fraud that the government must prove beyond a reasonable doubt is that the ~~a~~ defendant you are considering ~~acted~~ participated in the alleged scheme to defraud knowingly, willfully, and with intent to defraud. Where, as in this case, a defendant is charged with conspiracy to commit securities fraud, the government must prove that the defendant conspired knowingly, willfully, and with intent to defraud, and in the absence of good faith.[36]

---

[35] The paragraph proposed by the government is unnecessary, unduly argumentative, and misstates the law.  The defense submits that the proposed language is necessary to accurately state the law, *see Litvak*, Tr. at 1499, and an appropriate replacement.

[36] The defense submits that the proposed addition of "that the government must prove beyond a reasonable doubt" is necessary to accurately state the government's burden of proof.  The defense further submits that the use of the word "acted" is misleading in that it unduly broadens the scope of the jury's consideration of the defendants' actions; the proposed replacement of

I have already defined "knowingly," ~~and~~ "willfully," "intentionally," and "good faith" for you, and I refer you to those earlier definitions.

For the purposes of securities fraud and conspiracy to commit securities fraud, "intent to defraud" means to act knowingly and with the intent to deceive.

The question of whether a person acted knowingly, willfully, and with the intent to defraud is a question of fact for you to determine like any other fact question. This question involves a person's state of mind.

Direct proof of what is in someone's mind ~~knowledge and fraudulent intent~~ is almost never available ~~to demonstrate someone's state of mind. It would be a rare case where it could be shown that a person wrote or stated that at a given time in the past he committed an act with fraudulent intent. S~~ But such direct proof is not required. The ultimate ~~fact~~ determination of knowledge and criminal intent, ~~though subjective,~~ may be established by circumstantial evidence based on a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and rational or logical inferences that may be drawn from that. ~~Circumstantial evidence, if believed, is of no less value than direct evidence.~~

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of ~~the~~ a defendant is a complete and absolute defense to a charge of securities fraud and conspiracy to commit securities fraud. The defendant~~s~~, however, ~~has~~ have no burden to establish ~~a defense of~~ their own good faith. The burden is on the government to prove fraudulent intent and ~~consequent~~ the lack of good faith of the defendant you are considering

---

"participated in the scheme to defraud" more accurately states the law. *See* Sand Instr. 57-24 ("The second element *that the government must establish beyond a reasonable doubt* is that the defendant *participated in the scheme to defraud* knowingly, willfully and with intent to defraud.") (emphases added).

beyond a reasonable doubt. <mark>Under the anti-fraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is an absolute defense, however inaccurate the statements may have turned out to be.</mark>[37]

~~That said, a belief by the defendant that ultimately everything would work out so that no one would lose any money does not require that you find he acted in good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him to obtain money.~~[38]

The government may prove that the defendant acted knowingly in either of two ways. First, it is sufficient, ~~of course,~~ if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware the statements he made, caused to be made, or ~~conspired~~ <mark>agreed</mark> to be made, were false or misleading. ~~Alternatively, the defendant's knowledge may be established by proof that the defendant was aware of a high probability that the statement was false, unless, despite this high probability, the facts show that the defendant actually believed the statement to be true.~~

~~Knowledge may be found from circumstances that would convince an average, ordinary person. Thus, you may find that the defendant knew that the statement was false if you conclude beyond a reasonable doubt that he made it with deliberate disregard of whether it was true or false and with a conscious purpose to avoid learning the truth. If you find that the~~

---

[37] This paragraph alone is incomplete and misleading. The defense submits the addition of the proposed language, adapted from the Sand Model Jury Instructions, is a more fulsome statement of law. *See* Sand Instr. 57-24.

[38] This paragraph is objectionable as unnecessary and unduly argumentative.

~~defendant acted with deliberate disregard for the truth, the knowledge requirement would be~~ ~~satisfied unless the defendant actually believed the statement to be true. This~~ I remind you, however, that guilty knowledge ~~, however,~~ cannot be established by demonstrating merely negligence, mistake, misunderstanding, or foolishness on the part of ~~the~~ a defendant.[39]

~~C~~ D.    ~~Third~~ Fourth Element — Instrumentality of Interstate Commerce

The fourth ~~third~~ and final element that the government must prove beyond a reasonable doubt is that the defendant knowingly used or caused to be used — or for conspiracy counts, conspired to use — the mails or any means or instrumentality of transportation or communication in interstate commerce, including telephones or email, in furtherance of a scheme to defraud.

It is not necessary that a defendant be directly or personally involved in any mailing, emailing, telephone calls or telephone messages. If the defendant was an active and knowing participant in the scheme and took steps or engaged in conduct which he knew or reasonably could have foreseen would naturally and probably result in the use of the mails or the internet or telephone lines, then you may find that he caused the mails or these other instrumentalities of interstate commerce to be used. When one does an act with the knowledge that the use of interstate means or communication will follow in the ordinary course of business, or where such use reasonably can be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through the mails or over the internet or communicated by telephone contain the fraudulent material or anything criminal or

---

[39] The defense submits that the government has no factual basis to set forth a "deliberate disregard" charge.

objectionable. The matter mailed or communicated by telephone may be entirely innocent.

The use of telephones, the internet or the mail need not be central to the execution of the scheme and may even be incidental to it. All that is required is that the use of the telephones, the internet or the mail bears some relation to the object of the scheme or fraudulent conduct. ~~In fact, the actual offer or sale need not be accomplished or accompanied by the use of telephone or internet or the mail so long as the defendant is still engaged in actions that are part of a fraudulent scheme.~~

~~I remind you that Count One does not allege that a securities fraud was actually committed, and the government does not need to prove that a securities fraud was committed or attempted for you to find a defendant guilty of this count. Rather, Count One charges the defendants with conspiring to commit securities fraud.~~[40]

<u>Authority</u>

To the extent not directly cited, adapted from Charges of the Hon. Ronnie Abrams in *United States v. Tagliaferri*, No. 13-CR-115 (S.D.N.Y. 2014), Trial Tr. 2750-2760, *aff'd*, 820 F.3d 568 (2d Cir. 2016).

---

[40] The removed paragraphs are objectionable as unnecessary and unduly argumentative.

<u>REQUEST NO. ~~9~~ 13</u>
Elements of Investment Adviser Fraud

Count One also alleges that an object of the conspiracy was to commit investment adviser fraud.

~~The Investment Advisers Act was enacted with the fundamental purpose of imposing a broad proscription against any practice which operates as a fraud or deceit upon any client or prospective client of an investment adviser. The Investment Advisers Act of 1940 thus reflects a Congressional recognition of the delicate fiduciary nature of an investment advisory relationship, as well as a Congressional intent to create various enforcement mechanisms to eliminate, or at least to expose, all conflicts of interest that might incline an investment adviser to render advice which was not disinterested.~~[41]

A "fiduciary" is a special type of agency in which a special trust or confidence is reposed in the agent, who is duty bound to act in ~~the utmost~~ good faith and candor and good conscience with due regard for the interests of the person reposing the confidence. Examples of a fiduciary include (but are not limited to) an executor or administrator of an estate; an attorney with respect to the affairs of his client; a guardian of an infant or incompetent person with respect to his ward; and the officers and directors of a corporation with respect to the stockholders of the corporation. ~~I instruct you as a matter of law that investment advisers are fiduciaries to their investment advisory clients.~~

~~Thus, an investment adviser has an affirmative duty of utmost good faith, and full and fair disclosure of all material facts, as well as an affirmative obligation to employ reasonable care to avoid misleading his clients. I instruct you that a fiduciary owes a duty to disclose all~~

---

[41] The defense submits that this paragraph is unnecessary.

~~material facts concerning the transaction entrusted to it.~~[42]

The knowing and intentional concealment by a fiduciary of material information which he or she it is under a duty to disclose to another, under circumstances where the nondisclosure can or does result in harm to the other, can be a fraud can form part of the factual basis for ==investment adviser fraud==, if the government has ==also== proven beyond a reasonable doubt the other elements of the offense.

I will now explain the elements of the investment adviser fraud charge. They are as follows:

<u>First</u>, that the offense was committed — or, in a conspiracy, was conspired to be committed — by an investment adviser;

<u>Second</u>, ==that== the investment adviser did — or, in a conspiracy, agreed to do — one of the following: (a) employ a device, scheme, or artifice to defraud an actual or prospective investment advisory client; (b) engage in a transaction, practice or course of business which operated as a fraud and deceit upon those investment advisory clients or prospective investment advisory clients; or (c) engage in an act, practice, and course of business that was fraudulent, deceptive, and manipulative;

<u>Third</u>, ==that== the defendant devised or participated in such alleged device, scheme or artifice to defraud, or engaged in such alleged transaction, practice, or course of business, knowingly, willfully, and with the intent to defraud an investment advisory client; and

<u>Fourth</u>, ==that== such alleged device, scheme, or artifice to defraud, or such alleged transaction, practice, or course of business, was engaged in or employed by use of the mails or an instrumentality of interstate commerce.

---

[42] The defense submits that the removed sentences are unnecessary.

A.     <u>First Element — Investment Adviser</u>

The first element the government must prove beyond a reasonable doubt is that the offense was committed by an investment adviser.

The Act defines an investment adviser as follows: "Investment adviser means any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities, but does not include . . . any broker or dealer whose performance of such services is solely incidental to the conduct of his business as a broker or dealer and who receives no special compensation therefor."

Thus, to determine whether a person or entity is an investment adviser under the Act, you must primarily consider three factors:

<u>First</u>, whether the person or entity provided advice or was an adviser that issued reports or analyses regarding securities;

<u>Second</u>, whether the person or entity was in the business of providing such advice; and

<u>Third</u>, whether the person or entity was provided compensation for such advice.

As I mentioned, an investment adviser has a fiduciary duty to ~~his or her~~ its clients. The government has alleged that Platinum Management was the investment adviser here. Should you find that the government has proved this beyond a reasonable doubt, I instruct you as a matter of law that, in such an event, Platinum Management owed a fiduciary duty only to the funds it managed - namely, PPVA, PPCO, and PPLO - because the funds, and not its investors,

41

were Platinum Management's clients.[43]

B.    Second Element — Fraudulent Act

The second element the government must prove beyond a reasonable doubt is that the investment adviser did — or, in a conspiracy, agreed to do — any one or more of the following: (a) employ a device, scheme, or artifice to defraud an actual or prospective investor-client investment advisory clients; (b) engage in a transaction, practice, or course of business which operated as a fraud and deceit upon those investors or prospective investors actual or prospective investment advisory clients; or (c) engage in an act, practice, and course of business that was fraudulent, deceptive and manipulative.[44]

Any one of these types of alleged fraudulent conduct, if proven by the government beyond a reasonable doubt, is sufficient. However, a As with securities fraud, you

---

[43] The defense submits that this paragraph is misleading without the proposed additional language. First, the government has alleged that Platinum Management was the investment adviser, *see* Ind. ¶ 98. Second, even if the jury found that the defendants were investment advisers -- which they are not, *see SEC v. Pimco Advisors Fund Mgmt LLC*, 341 F. Supp. 2d 454, 470 (2004) (finding that individual executive defendants could not be charged with violations of the Investment Advisers Act directly, "since they are not themselves investment advisers covered by the statutory provisions.") -- cases in both this Circuit and elsewhere have found that, while hedge fund managers are investment advisers, they do not owe a fiduciary duty to individual investors; instead, their fiduciary duties run to the fund itself. *SEC v. Northshore Asset Mgmt.*, No. 05 CIV. 2192 (WHP), 2008 WL 1968299, at *5-6 (S.D.N.Y. May 5, 2008) ("a hedge fund adviser's client, for purposes of the Advisers Act, is the hedge fund, not the hedge fund investors.") (citing *Goldstein v. SEC*, 451 F.3d 873, 876 (D.C. Cir. 2006)). *See also Goldstein*, 451 F.3d at 881 (in a hedge fund, the "adviser owes fiduciary duties only to the fund, not to the fund's investors . . . If the investors are owed a fiduciary duty and the entity is also owed a fiduciary duty, then the adviser will inevitably face conflicts of interest. Consider an investment adviser to a hedge fund that is about to go bankrupt. His advice to the fund will likely include any and all measures to remain solvent. His advice to an investor in the fund, however, would likely be to sell.")

[44] The defense submits that the addition of "beyond a reasonable doubt" is necessary to accurately state the government's burden of proof. Additionally, this paragraph misstates the law in that it conflates "investment advisory clients" with "investors"; as stated before, the law is clear that it is the *investment adviser's* fiduciary duties at issue, and that the duties run to the fund itself, not to individual investors. *See* 15 U.S.C. § 80b-6; *Goldstein v. SEC*, 451 F.3d 873, 881 (D.C. Cir. 2006).

must be in unanimous agreement as to which type of ~~unlawful~~ <mark>requisite</mark> conduct, if any, has been proven <mark>beyond a reasonable doubt</mark> by the government.[45]

Now let me explain some of these terms.

~~As with securities fraud, a device, scheme or artifice is merely a plan for the accomplishment of any objective. Fraud is a general term that embraces all efforts and means that individuals devise to take advantage of others. It includes all kinds of manipulative and deceptive acts. The fraud or deceit need not relate to the investment value of the securities involved in this case. It is not necessary that the defendant made a profit or that anyone actually suffered a loss for you to find that the government has proven this element beyond a reasonable doubt.[46]~~

The fraudulent representation must relate to a material fact ~~or matter~~. I previously told you what a material fact is with regard to securities fraud, and that same standard applies here.

~~The failure to disclose information may constitute a fraud if the investment adviser was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed or conspired to fail to make such disclosure with the specific intent to defraud.[47]~~

---

[45] The defense submits that the first sentence is cumulative and unnecessary. Furthermore, the use of the word "unlawful" is objectionable as unduly argumentative; the defense submits that the use of the word "requisite" in the place of "unlawful" more fairly represents this element to the jury. Finally, the addition of "beyond a reasonable doubt" is necessary to accurately state the government's burden of proof.

[46] The defense submits that this paragraph is unnecessary and unduly argumentative.

[47] This paragraph is objectionable as cumulative, unnecessary, and unduly argumentative. Furthermore, this paragraph misstates the law by conflating "defendant" with "investment adviser." First; it is misleading to insert "defendant" in lieu of "investment adviser" when, under the elements for investment adviser fraud, this is a fact that the government has the burden of

~~The government has alleged various methods of conduct by which the charged defendants conspired to carry out a scheme to defraud Platinum Management's investment advisory clients, engaged in a transaction, practice, or course of business which operated as a fraud and deceit upon those investors, or engaged in an act, practice, and course of business that was fraudulent, deceptive, and manipulative.[48]~~

~~Specifically, the government alleges that the defendants conspired to commit investment adviser fraud by defrauding investors in PPVA about the performance and value of the fund's assets, the fund's liquidity, and its practice of preferentially paying certain investor redemptions before others.[49]~~

~~Any one of these particular methods of alleged fraudulent conduct standing alone is sufficient for you to return a verdict of guilty on this count if you find the other elements are met. However, you must be in unanimous agreement as to which type of fraudulent conduct, if any, has been proven by the government.[50]~~

C.     Third Element — Knowledge, Intent, and Willfulness

The third element ==the government must prove beyond a reasonable doubt== is that the defendant devised or participated in such alleged device, scheme or artifice to defraud, or engaged in such alleged transaction, practice, or course of business, knowingly, willfully, ~~and~~

---

proving beyond a reasonable doubt. Second, it is misleading in that it impermissibly draws the inference that the defendants were fiduciaries of Platinum's investors.

[48] This paragraph is objectionable as unnecessary and unduly argumentative. Furthermore, this paragraph is misleading in that it conflates "Platinum Management's investment advisory clients" with "investors."

[49] This paragraph is misleading in that it conflates "investors in PPVA" with "Platinum Management's clients"; as stated before, the law is clear that the investment adviser's fiduciary duties run to the fund itself, not to individual investors. *See* 15 U.S.C. § 80b-6; *Goldstein v. SEC*, 451 F.3d 873, 881 (D.C. Cir. 2006).

[50] The defense submits that this paragraph is cumulative, unnecessary, and unduly argumentative.

44

with the intent to defraud an investment advisory client, and in the absence of good faith.[51]

The terms "knowingly," "willfully," ~~and~~ "with intent to defraud," and "good faith" have the same meaning here as they have for securities fraud.

Since the essential elements of investment adviser fraud require, among other things, proof beyond a reasonable doubt of willfulness and the intent to defraud, it follows that good faith on the part of the defendant you are considering is a complete defense to a charge of securities fraud.  If you find that a defendant acted in good faith, or held an honest belief that his actions were proper and not in furtherance of any unlawful activity, you cannot convict him of that count. I previously instructed you on good faith, and you should apply those instructions here. Again, a defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.[52]

D.    Fourth Element — Instrumentality of Interstate Commerce

The fourth and final element the government must prove beyond a reasonable doubt is that the defendant knowingly caused to be used the mails or an instrumentality of interstate commerce, such as interstate telephone, facsimile, or wire communications in furtherance of the alleged scheme to defraud, or the allegedly fraudulent conduct specified in the Indictment.[53]

This element is the same as the element I previously explained for securities fraud.

---

[51] The defense submits that the proposed additions are necessary to accurately state the government's burden of proof and the law.

[52] Adapted from the charge of the Hon. Janet C. Hall in *Litvak*, Tr. at 1502-03, and Sand Instr. 57-16.

[53] The defense submits that the addition of "beyond a reasonable doubt" is necessary to accurately state the government's burden of proof.

I remind you that Count One does not allege that an a securities fraud or investor adviser fraud was actually committed, and the government does not need to prove that an a securities fraud or investment adviser fraud was committed or attempted for you to find a defendant guilty of this count. Rather, Count One charges the defendants with conspiring to commit investment adviser fraud, and you must therefore find that the government has proved beyond a reasonable doubt each and every element of that charge as I have defined it for you. The failure to prove any element beyond a reasonable doubt requires you to find that defendant you are considering not guilty.[54]

### E.     The Testimony of Amir Shaked

You may recall that Mr. Shaked testified that failing to provide him with one or more Fund documents was a violation of the Investment Adviser Act.  I instruct you that you should disregard Mr. Shaked's testimony in this regard.  The defendants have not been charged with a failure to provide investors with Fund documents, which include the PPM, LP Agreement, Subscription Agreement, and Master LP Agreement.[55]

Authority

To the extent not directly cited, adapted from the charges of the Hon. Ronnie Abrams in *United States v. Tagliaferri*, No. 13-CR-115 (S.D.N.Y. 2014), Trial Tr. 2750-2760, *aff'd*, 820 F.3d 568 (2d Cir. 2016).

---

[54] The defense submits that the alterations are necessary to accurately state the law. Furthermore, the defense submits that an additional instruction is required to address the investor witnesses' testimony.

[55] *See* Mr. Shaked's testimony Tr. at 2333 and 2339.

REQUEST NO. ~~10~~ 14
Count Two

The next count is Count Two. Count Two of the Indictment charges defendants

NORDLICHT, LEVY, and SANFILIPPO with conspiracy to commit wire fraud in connection

with the Investment Scheme. Specifically, Count Two states, in pertinent part:

> In or about and between November 2012 and December 2016, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendants MARK
> NORDLICHT, DAVID LEVY, and JOSEPH SANFILIPPO,
> together with others, did knowingly and intentionally conspire to
> devise a scheme and artifice to defraud investors and prospective
> investors in PPVA, PPCO and PPNE, and to obtain money and
> property from them by means of materially false and fraudulent
> pretenses, representations and promises, and for the purpose of
> executing such scheme and artifice, to transmit and cause to be
> transmitted by means of wire communication in interstate and
> foreign commerce writings, signs, signals, pictures and sounds,
> contrary to Title 18, United States Code, Section 1343.

The relevant statute on this subject is 18 U.S.C. § 1349, which provides, in

pertinent part that any person who attempts or conspires to commit wire fraud shall have

committed a crime.

Authority

Adapted from the *Petrossi* Jury Charge, Trial Tr. 1136.

REQUEST NO. ~~11~~ <mark>15</mark>
Elements of Count Two

In order to prove that a defendant committed the crime charged in Count Two, the government has to prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that a conspiracy to commit wire fraud existed;

And <u>second</u>, that the defendant knowingly and ~~intentionally~~ <mark>willfully</mark> became a member of the conspiracy<mark>, with the intent required to commit the object of the charged conspiracy</mark>.[56]

Again, these are the first and second elements of any conspiracy, which I already explained to you previously. Those same instructions will apply to this Count Two.

~~Now you'll recall that the conspiracy in Count One, in addition to these two elements, also requires an overt act in furtherance of the conspiracy. A conspiracy to commit wire fraud in contrast does not require such an overt act.~~[57]

~~You should not speculate as to why the law is different for this Count and it should not affect your deliberations.~~[58]

Authority

To the extent not directly cited, adapted from the *Petrossi* Jury Charge, Trial Tr. 1137.

---

[56] The phrase "knowingly and intentionally" is objectionable as misleading and an incorrect statement of law. The standard for conspiracy requires that each defendant "knowingly and *willfully* became a member of the conspiracy." Sand Instr. 19-3 (emphasis added). Additionally, the defense submits that the proposed addition of "with the intent required to commit the object of the charged conspiracy" more accurately states the law. *See* Sand Instr. 19-3S, 19-6.

[57] The defense submits this paragraph is objectionable as misleading and unnecessary.

[58] The defense submits this paragraph is objectionable as misleading and unnecessary.

REQUEST NO. ~~12~~ 16
Elements of Wire Fraud

As I did with securities fraud and investment adviser fraud, I need to explain the

crime of wire fraud for you to determine whether the government has proven this charge of wire

fraud conspiracy. The elements of wire fraud are as follows:

First, there was a scheme or artifice to defraud or to obtain money or property by

materially false and fraudulent pretenses, representations or promises, as alleged in the

Indictment.[59]

Second, that the defendant knowingly and willfully participated in the scheme or

artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud.

And third, that in execution or in furtherance of that scheme the defendant

~~conspired to~~ used or caused to be used interstate or foreign wires, as specified in the

Indictment.[60]

Let me go over each one of those three items.

A.    First Element — Scheme to Defraud

The first element the government must prove beyond a reasonable doubt is the

existence of a scheme or artifice to defraud or to obtain money or property by means of false or

---

[59] The defense submits the addition of the proposed language is necessary to accurately state the law. *See* Sand Instr. 44-3 ("First, that there was a scheme or artifice to defraud or to obtain money or property . . . by materially false and fraudulent pretenses, representations or promises, as *alleged in the indictment* . . . .") (emphasis added).

[60] The phrase "conspired to use" is not appropriate in the instruction as to the substantive elements of the underlying crime, wire fraud. Moreover, the defense submits that the addition of "as specified in the Indictment" is necessary to accurately state the law. *See* Sand Instr. 44-3 ("Third, that in execution of that scheme, the *defendant used* or caused the use of the mails (or a private or commercial interstate carrier or interstate wires) *as specified in the indictment*.") (emphases added).

fraudulent pretenses, representations or promises.[61]

A scheme or artifice is a plan for the accomplishment of an illegal objective. Fraud is a general term which embraces all the various means that an individual can devise and that are used by an individual to gain an unlawful advantage over another by false representation, suggestions or deliberate disregard for the truth.[62]

A scheme to defraud is any pattern or course of conduct designed to obtain money or property by means of trick, deceit, deception or by false or fraudulent representations or promises.

A representation or statement is fraudulent if it was falsely made with the intent to deceive. Half truths, the concealment or omission of material facts or the expression of an opinion not honestly entertained; that is, not honestly believed by the person expressing the opinion, may also constitute false or fraudulent statements under the statute if made with the intent to deceive.[63]

The deception does not have to be premised upon spoken or written words alone. The arrangement of the words or the circumstances into which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not really matter is not material.[64]

---

[61] The defense submits that the proposed additions are necessary to accurately state the government's burden of proof.  *See* Sand Instr. 44-4 ("The first element *that the government must prove beyond a reasonable doubt* is that there was a scheme or artifice to defraud . . . .") (emphasis added).

[62] The defense submits that the proposed additions are necessary for clarity and to accurately state the law.

[63] The defense submits the proposed additions are necessary to accurately state the law.

[64] The phrase "does not really matter" does not accurately state the standard; the defense submits that replacing that phrase with "is not material" is more accurate. *See* Sand Instr. 44-4 ("If there is deception, the manner in which it is accomplished is immaterial.").

50

In addition to proving that a statement was false or fraudulent, and related to a material fact, in order to establish a scheme to defraud, the government must prove beyond a reasonable doubt that the alleged scheme contemplated depriving another of money or property.[65] The second element of wire fraud requires the government to prove beyond a reasonable doubt a scheme to defraud. Proof of fraudulent intent, or the specific intent to harm or defraud the victims of the scheme, is an essential component of the scheme to defraud element. Proof of deceit, without more, is not sufficient to find a scheme to defraud. Thus, the government must, at a minimum, prove beyond a reasonable doubt that the defendant contemplated some actual harm or injury. Only a showing of intended harm will satisfy the element of fraudulent intent." [66]

~~The failure to disclose information may constitute a fraud if the speaker was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant conspired to fail to make such disclosure with the specific intent to defraud.~~[67]

The fraudulent representation must relate to a material fact or matter.  I previously told you what a material fact is with regard to Count One, and I will not repeat that ~~same standard applies~~ here.

It is not necessary that a defendant or his alleged co-conspirators actually realized any gain from ~~a~~ the alleged scheme to defraud, or that the intended victim actually suffered any

---

[65] The defense submits the proposed additions are necessary to accurately state the government's burden of proof.

[66] Modified from *United States v. Davis*, 2017 WL 3328240 (S.D.N.Y. Aug. 3, 2017); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1997).

[67] The defense submits that this paragraph is inappropriately placed in the order of the overall instruction. The defense proposes moving this paragraph behind the following paragraph.

loss. ~~Only a scheme to defraud and not actual fraud must be proved to sustain a conviction.~~[68]

It is also not necessary for the government to prove each and every misrepresentation or false promise that the government alleges in the indictment. It is sufficient that the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations was made in furtherance of the alleged scheme to defraud.[69]

You must, however, all agree on at least one misrepresentation that is proved beyond a reasonable doubt to be false. You cannot have some of you thinking one statement was false and others of you thinking that a different statement was false. All of you have to agree ~~on that~~ at least one of the same misrepresentations was proved beyond a reasonable doubt to be false to sustain a conviction.[70]

Again, you cannot find a defendant guilty if only some of you think that misrepresentation "A" is false while others think that only misrepresentation "B" is false. There must be at least one specific pretense, representation, or promise about a material fact that all of you find to have been proven beyond a reasonable doubt to be false in order to find the defendant guilty.[71]

~~A scheme to defraud need not be shown by direct evidence, but may be~~

---

[68] The defense proposes these revisions to make this instruction consistent with the Sand model jury instructions. *See* Sand Instr. 44-4 ("[I]t is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.").

[69] The defense proposes these revisions to make this instruction consistent with the Sand model jury instructions. *See* Sand Instr. 44-4 ("It is not required that every misrepresentation charged in the indictment be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.").

[70] The defense submits the proposed additions are necessary for clarity and to accurately state the government's burden of proof.

[71] The defense submits the proposed additions are necessary to accurately state the government's burden of proof.

~~established by all of the circumstances and facts in the case.~~ It should be clear to you that if even one of you finds that the government has failed to prove beyond a reasonable doubt that a misrepresentation was made, that would mean there is no agreement by all of you and you may not find the defendant you are considering guilty.[72]

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.[73]

B.   Second Element — Intent to Defraud

The second element that the government must prove beyond a reasonable doubt is that the defendant executed a scheme knowingly, willfully, and with specific intent to defraud a victim. I have already told you what it means to act knowingly, willfully and with an intent to defraud as part of Count One. Those same definitions apply here.[74]

Remember that since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of conspiracy to commit wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.[75]

---

[72] The defense submits that the proposed revisions are necessary to more accurately state the law and the government's burden of proof.

[73] The defense proposes the addition of this paragraph to make this instruction consistent with the Sand model jury instructions. *See* Sand Instr. 44-4.

[74] The defense submits that the proposed additions are necessary to accurately state the government's burden of proof. *See* Sand Instr. 44-5 ("The second element *that the government must prove beyond a reasonable doubt* is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.") (emphases added).

[75] The defense submits the proposed paragraph is appropriate in light of the government's burden of proof and overall complexity of the jury instructions. *See* Sand Instr. 44-5 ("Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of mail (or wire) fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove

53

In sum, the government ~~has to~~ must establish that the defendant ~~knew that his conduct as a participant in the scheme was calculated to deceive, and nevertheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some financial loss to somebody or depriving somebody of their interest in property~~ acted deliberately and voluntarily rather than by ignorance, mistake, accident or carelessness; that he acted with a bad purpose, which is to say with the intent, conscious aim, or objective to do something that the law forbids either by disobeying or by disregarding the law; that he acted with the specific purpose of causing some deprivation of money or property; that he acted with the intention or the purpose to deceive; and that he lacked good faith. If the defendant was not a knowing and willful participant in the scheme, or if he lacked the specific intent to defraud, then he is not guilty of conspiracy to commit wire fraud.[76]

C       Third Element — Use of Interstate Wires

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate wire communication in furtherance of the scheme to defraud. The wire communication must pass between two or more states, or it must pass between the United States and a foreign country. That just means, for example, if one person in New York is talking to another person in New York, that is not enough. You have to go over state lines or over national lines.[77]

A wire communication includes a wire transfer of funds between banks in

---

fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.").

[76] The defense submits that the proposed revisions are necessary to accurately state the law and to prevent misleading the jury. The revisions are adapted from *Petrossi* at 1140-41.

[77] The defense submits that the proposed additions are necessary to accurately state the government's burden of proof.  *See* Sand Instr. 44-7 ("The third and final element *that the government must establish beyond a reasonable doubt* is the use of an interstate or international wire communication in furtherance of the scheme to defraud.") (emphasis added).

different states, and telephone calls, emails, and facsimiles between two different states. The use

of the wires need not itself be a fraudulent misrepresentation. It must, however, further or assist

in the carrying out of the scheme to defraud. It is not necessary for a defendant to be directly or

personally involved in the wire communication, as long as the communication was reasonably

foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused

of participating.

   In this regard, it is sufficient to establish this element of the crime if the evidence

justifies a finding that the defendant caused the wires to be used by others. This does not mean

that the defendant must specifically have authorized others to make the call, wire the money or

send the email. When one does an act with knowledge that the use of the wires will follow in the

ordinary course of business, or where such use of the wires reasonably can be foreseen, even

though not actually intended, then the defendant causes the wires to be used.

   Again, I remind you that Count Two does not allege that wire fraud was actually

committed, and the government does not need to prove that wire fraud was committed ~~or~~

~~attempted~~ for you to find a defendant guilty of this count. Rather, Count Two charges the

defendants with conspiracy to commit wire fraud, and you must therefore find that the

government has proved each and every element of that charge as I have defined it for you. The

failure to prove any element beyond a reasonable doubt requires you to find the defendant you

are considering not guilty.[78]

<u>Authority</u>

   To the extent not directly cited, adapted from the *Petrossi* Jury Charge, Trial Tr.
1137-1142; and Sand Instr. 44-4, 44-7.

---

[78] The defense submits that the proposed revisions are necessary to more accurately state the law
and the government's burden of proof.

REQUEST NO. ~~13~~ 17
Count Three

Count Three of the Indictment charges defendants NORDLICHT, LEVY, and

SANFILIPPO with securities fraud in connection with the Investment Scheme. Specifically,

Count Three states, in pertinent part:

> In or about and between November 2012 and December 2016, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendants MARK
> NORDLICHT, DAVID LEVY, and JOSEPH SANFILIPPO,
> together with others, did knowingly and willfully use and employ
> one or more manipulative and deceptive devices and contrivances,
> contrary to Rule 10b-5 of the Rules and Regulations of the United
> States Securities and Exchange Commission, Title 17, Code of
> Federal Regulations, Section 240.10b-5, by: (a) employing one or
> more devices, schemes and artifices to defraud; (b) making one or
> more untrue statements of material fact and omitting to state one or
> more material facts necessary in order to make the statements
> made, in light of the circumstances in which they were made, not
> misleading; and (c) engaging in one or more acts, practices and
> courses of business which would and did operate as a fraud and
> deceit upon one or more investors and prospective investors in
> PPVA, in connection with the purchase and sale of investments in
> PPVA, directly and indirectly, by use of means and
> instrumentalities of interstate commerce and the mails.

To sustain its burden of proving a defendant guilty of Count Three, the

government has to prove beyond a reasonable doubt each of the three elements of securities

fraud that I previously explained to you when I was talking about Count One, conspiracy to

commit securities fraud and investment adviser fraud. You will recall I defined the elements of

conspiracy in that count, and that I also told you that the underlying substance of securities fraud

had its own elements. Again, those elements are:

First, that in connection with the purchase or sale of a security, the defendant did

any one or more of three requisite acts as follows:

(1)     employed a device, scheme or artifice to defraud, or

(2)      made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3)      engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

Second, that the defendant acted willfully, knowingly, and with the intent to defraud.

Third, that the defendant acted willfully, knowingly, and with the intent to defraud.

And fourth, that the defendant knowingly used or caused to be used any means or instruments of transportation or communication in interstate commerce, or the use of the mails in furtherance of the fraudulent conduct.[79]

You use those securities fraud elements here for this Count Three.

The difference here, however, is that the government must prove that the defendant actually knowingly and willfully committed — or aided and abetted — the offense with intent to defraud, as opposed to merely knowingly and willfully conspiring to commit the offense with intent to defraud.

<u>Authority</u>

To the extent not directly cited, adapted from the *Petrossi* Jury Charge, Trial Tr. 1150-1151.

---

[79] Given the complexity of the jury instructions, the defense submits that repeating the three elements of securities fraud is appropriate here.

REQUEST NO. ~~14~~ 18
Aiding and Abetting

As I just mentioned, Count Three requires you to find that a defendant either personally committed securities fraud or that he aided and abetted others in committing securities fraud.

It is acceptable for the government to charge this crime under both alternatives; that is, that the defendant committed the securities fraud himself, or that he knowingly and intentionally aided and abetted others in committing securities fraud. Aiding and abetting is another legal theory in addition to the theory of primary liability by which the government can prove the defendant guilty of the crime charged in Count Three.[80]

The aiding and abetting statute is Section 2 of Title 18 of U.S. Code. It says:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal[; and]

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

It is not necessary to find that the defendant personally committed the crime charged in Count Three, as long as the government proves that he knowingly and intentionally aided and abetted another person in doing so. That is because under the law, a person who knowingly and intentionally aids or abets another to commit an offense, is just as guilty of that offense as if he committed it himself; therefore, you can find the defendant guilty of the offense charged in this Count Three if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged,

---

[80] The defense submits the proposed additions are necessary to accurately state the government's burden of proof.  *See* Sand Instr. 11-2.

and that the defendant ==knowingly and intentionally== aided or abetted that person in the commission of the offense.[81]

In order to find a defendant guilty of aiding and abetting a crime, you must first find that some person did actually commit the crime charged. Unlike a conspiracy which is a crime by itself, ~~so that a defendant does not have to commit the underlying crime,~~ no one can be convicted of aiding or abetting the criminal act of another if no crime was committed by the other person in the first place. The underlying crime has to have occurred for a person to be liable for aiding and abetting. But if you do find that the crime was committed, then you have to consider whether a defendant ==knowingly and intentionally== aided or abetted the commission of the crime.[82]

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associated himself in some way with the crime, and that he participated in the crime by ==intentionally== doing some act to help make the crime succeed.[83]

To establish that a defendant knowingly ==and intentionally== associated himself with the crime, the government must establish that the defendant knew and intended that the crime charged in Count Three would be committed.[84]

To establish that a defendant participated in the commission of the crime, the

---

[81] The defense submits the proposed additions are necessary to accurately state the government's burden of proof.  *See* Sand Instr. 11-2.

[82] The clause "so that a defendant does not have to commit the underlying crime" is objectionable as cumulative, unnecessary, and unduly argumentative. The defense further submits the proposed additions are necessary to accurately state the government's burden of proof. *See* Sand Instr. 11-2

[83] The defense submits the proposed additions are necessary to accurately state the government's burden of proof.  *See* Sand Instr. 11-2.

[84] The defense submits the proposed additions are necessary to accurately state the government's burden of proof.  *See* Sand Instr. 11-2.

government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about the crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by a defendant that a crime is being committed, or merely associating or working with others who were committing a crime, is not sufficient to establish aiding and abetting. Somebody who has no knowledge that a crime is being committed, or is about to be committed, but acts in good faith or inadvertently does something that aids in the commission of that crime, is not an aider or abettor. An aider and abettor must know that the crime is being committed and act in a way that he knowingly intends to bring about the success of the criminal venture.[85]

To determine whether a defendant aided and abetted the commission of the crime charged in Count Three, or caused the commission of that crime, ask yourself these questions:

First, did he participate in the crime charged as something he wished to bring about?

Second, did he associate himself with the criminal venture knowingly and willfully?

And third, did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor and he is guilty of Count Three. If on the other hand your answer to any of these questions is "no," then the defendant is not an aider and abettor and you must not find him guilty of Count Three on the aiding and

_____

[85] The defense submits the proposed additions are necessary for clarity and to accurately state the government's burden of proof. *See* Sand Instr. 11-2.

abetting theory.[86]

<u>Authority</u>

   To the extent not directly cited, adapted from the *Petrossi* Jury Charge, Trial Tr. 1151-1154.

---

[86] The clause "or caused the commission of that crime" is objectionable as misleading and unnecessary. *See* Sand Instr. 11-2 ("To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions . . . .").

<u>REQUEST NO. ~~15~~ <mark>19</mark></u>
Count Four

Count Four of the Indictment also charges defendants NORDLICHT, LEVY, and

SANFILIPPO with securities fraud in connection with <mark>what has been referred to as "PPNE."</mark> ~~the~~

~~Investment Scheme.~~[87] Specifically, Count Four states, in pertinent part:

> In or about and between September 2014 and December 2016,
> both dates being approximate and inclusive, within the Eastern
> District of New York and elsewhere, the defendants MARK
> NORDLICHT, DAVID LEVY, and JOSEPH SANFILIPPO,
> together with others, did knowingly and willfully use and employ
> one or more manipulative and deceptive devices and contrivances,
> contrary to Rule 10b-5 of the Rules and Regulations of the United
> States Securities and Exchange Commission, Title 17, Code of
> Federal Regulations, Section 240.10b-5, by: (a) employing one or
> more devices, schemes and artifices to defraud; (b) making one or
> more untrue statements of material fact and omitting to state one or
> more material facts necessary in order to make the statements
> made, in light of the circumstances in which they were made, not
> misleading; and (c) engaging in one or more acts, practices and
> courses of business which would and did operate as a fraud and
> deceit upon one or more noteholders and prospective noteholders
> in PPNE, in connection with the purchase and sale of investments
> in PPNE, directly and indirectly, by use of means and
> instrumentalities of interstate commerce and the mails.

As with Count Three, to sustain its burden of proving a defendant guilty of Count

Four, the government has to prove beyond a reasonable doubt each of the three elements of

securities fraud that I previously explained to you.

Again, the government must prove that the defendant actually knowingly and

willfully committed — or aided and abetted — the offense with intent to defraud~~, as opposed to~~

~~merely knowingly and willfully conspiring to commit the offense with intent to defraud.~~[88]

---

[87] As described above, the defense submits that the "PPNE" charge should be distinguished from
the alleged "Investment Scheme."
[88] The removed clause is objectionable as cumulative, unnecessary, and unduly argumentative.

Since the essential elements of securities fraud require, among other things, proof beyond a reasonable doubt of willfulness and the intent to defraud, it follows that good faith on the part of the defendant you are considering is a complete defense to a charge of securities fraud. If you find that a defendant acted in good faith, or held an honest belief that his actions were proper and not in furtherance of any unlawful activity, you cannot convict him of that count. I previously instructed you on good faith, and you should apply those instructions here. Again, a defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.[89]

---

[89] Adapted from the charge of the Hon. Janet C. Hall in *Litvak*, Tr. at 1502-03, and Sand Instr. 57-16.

REQUEST NO. ~~16~~ 20
Count Five

Count Five of the Indictment charges defendants NORDLICHT, LEVY, and SANFILIPPO with

investment adviser fraud in connection with the Investment Scheme. Specifically, Count Five

states, in pertinent part:

> In or about and between November 2012 and December 2016, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendants MARK
> NORDLICHT, DAVID LEVY, and JOSEPH SANFILIPPO,
> together with others, did knowingly and willfully use   the mails
> and other means and instrumentalities of interstate commerce,
> directly and indirectly: (a) to employ a device, scheme and artifice
> to defraud Platinum Management's clients and prospective clients;
> (b) to engage in a transaction, practice and course of business
> which operated as a fraud and deceit upon Platinum Management's
> clients and prospective clients; and (c) to engage in an act, practice
> and course of business which was fraudulent, deceptive and
> manipulative, contrary to Title 15, United States Code, Sections
> 80b-6 and 80b-17.

To sustain its burden of proving a defendant guilty of Count Five, the government

has to prove beyond a reasonable doubt each of the four elements of investment adviser fraud

that I previously explained to you when I was talking about Count One, conspiracy to commit

securities fraud and investment adviser fraud. You will recall I defined the elements of

conspiracy in that count, and that I also told you that the underlying substance of investment

adviser had its own elements. Again, those elements are:

First, that the offense was committed — or, in a conspiracy, was conspired to be

committed — by an investment adviser;

Second, that the investment adviser did — or, in a conspiracy, agreed to do — one

of the following: (a) employ a device, scheme, or artifice to defraud an actual or prospective

investment advisory client; (b) engage in a transaction, practice or course of business which

operated as a fraud and deceit upon those investment advisory clients or prospective investment advisory clients; or (c) engage in an act, practice, and course of business that was fraudulent, deceptive, and manipulative;

Third, that the defendant devised or participated in such alleged device, scheme or artifice to defraud, or engaged in such alleged transaction, practice, or course of business, knowingly, willfully, and with the intent to defraud an investment advisory client; and

Fourth, that such alleged device, scheme, or artifice to defraud, or such alleged transaction, practice, or course of business, was engaged in or employed by use of the mails or an instrumentality of interstate commerce.[90]

You should use those investment adviser fraud elements here for this Count Five.

As with Counts Three and Four, the difference here is that the government must prove that the defendant actually knowingly and willfully committed — or aided and abetted — the offense with intent to defraud, as opposed to ~~merely~~ knowingly and willfully conspiring to commit the offense with intent to defraud.

Since the essential elements of investment adviser fraud requires, among other things, proof beyond a reasonable doubt of willfulness and the intent to defraud, it follows that good faith on the part of the defendant you are considering is a complete defense to a charge of securities fraud. If you find that a defendant acted in good faith, or held an honest belief that his actions were proper and not in furtherance of any unlawful activity, you cannot convict him of that count. I previously instructed you on good faith, and you should apply those instructions here. Again, a defendant has no burden to establish a defense of good faith. The burden is on the

---

[90] Given the complexity of the jury instructions, the defense submits that repeating the elements of investment adviser fraud is appropriate here.

government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.[91]

---

[91] Adapted from the charge of the Hon. Janet C. Hall in *Litvak*, Tr. at 1502-03, and Sand Instr. 57-16.

REQUEST NO. ~~17~~ 21
Count Six

Count Six of the Indictment ~~also~~ charges defendants NORDLICHT and LEVY

with conspiracy to commit securities fraud in connection with the alleged Black Elk Bond

Scheme. Specifically, Count Six states, in pertinent part:

> In or about and between November 2011 and December 2016, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendants MARK NORDLICHT
> and DAVID LEVY, together with others, did knowingly and
> willfully conspire to use and employ manipulative and deceptive
> devices and contrivances, contrary to Rule 10b-5 of the Rules and
> Regulations of the United States Securities and   Exchange
> Commission, Title 17, Code of Federal Regulations, Section
> 240.10b-5, by: (a) employing devices, schemes and artifices to
> defraud; (b)  making untrue statements of material fact and
> omitting to state material facts necessary in order to make the
> statements made, in light of the circumstances under which they
> were made, not misleading; and (c) engaging in acts, practices and
> courses of business which would and did operate as a fraud and
> deceit upon the Bondholders, in connection with the purchase and
> sale of BE Bonds, directly and indirectly, by use of means and
> instrumentalities of interstate commerce and the mails, contrary to
> Title 15, United States Code, Sections 78j(b) and 78ff.

To sustain its burden of proving a defendant guilty of Count Six, the government

must ~~has to~~ prove beyond a reasonable doubt each of the three elements of conspiracy, which I

explained for Count One. Again, those elements are:

> First, that two or more persons entered into an agreement to commit a crime;

> Second, that the defendant knowingly and willfully became a member of the

conspiracy;

> And Third, that an overt act occurred in furtherance of the conspiracy; that is,

someone within the conspiracy knowingly and willfully took some action that advanced the

==goals of the conspiracy.==[92]

The same elements apply here, ~~except the conspiracy alleged in this count is only~~ ~~a conspiracy to commit securities fraud, as opposed to securities fraud and investment adviser~~ ~~fraud.~~[93]

As with Count One, this Count Six does not allege that a securities fraud was actually committed, and the government does not need to prove that a securities fraud was committed or attempted for you to find the defendant guilty of this count. Rather, Count Six charges the defendants with conspiring to commit securities fraud.

As with Count One, one of the elements of proving this Count is that the government must show that an overt act occurred in furtherance of the conspiracy; that is, someone within the conspiracy took some action that advanced the goals of the conspiracy.

The indictment alleges the following overt acts for Count Six:

~~First, on or about May 12, 2014, Co-Conspirator Jeffrey Shulse sent an email to~~ ~~NORDLICHT, LEVY, alleged Co-Conspirator Daniel Small and John Hoffman regarding the~~ ~~second amendment to the BE Bond indenture agreement that stated, in part: "I sort of like the~~ ~~idea of slipping the announcement in with the 10Q filing so it has a chance to get lost and not~~ ~~seem like such a big deal.~~[94]

~~Second~~ ==First==, on or about May 20, 2014, in response to an email from Shulse

---

[92] Given the complexity of the jury instructions, the defense submits that repeating the elements of conspiracy, as well as the general instructions for overt acts, is appropriate here, *see supra* at Requests 8 & 10.

[93] The clause "except the conspiracy alleged in this count is only a conspiracy to commit securities fraud, as opposed to securities fraud and investment adviser fraud" is objectionable as unnecessary, misleading, and unduly argumentative.

[94] This paragraph is objectionable as the email constituting this overt act was not entered into evidence.

discussing a $6 million financial shortfall at Black Elk, NORDLICHT sent an email to Shulse, LEVY and Small, copying John Hoffman and Marizza Piche, wherein NORDLICHT changed the subject line to "atty client privilege" and stated, in part: "U inadvertently did not label your last tirade as atty client privilege. I personally think we can get out of rent . . . and a lot of other payables as well . . . but give us hard numbers as to how we are doing. Real ebitda numbers instead of sending hysterical email when it really [shouldn't] have been a surprise based on production."

~~Third~~ Second, on or about June 2, 2014, in response to opposition by NORDLICHT to abiding by the terms of the indenture agreement and the trustee's requirements, Shulse sent an email to NORDLICHT, LEVY and Small that stated: "Why are we afraid of an open solicitation? Probably going to avoid a lawsuit and if we have the bonds we say we do, the process ends as soon as we get over the number?"

~~Fourth~~ Third, on or about June 3, 2014, after Shulse informed his alleged co-conspirators at Platinum and Beechwood that the trustee had determined that Black Elk had not followed the appropriate process necessary to amend the indenture agreement, NORDLICHT responded in an email to LEVY, Shulse, and Small, and stated, in part: "There is a disconnect here. No more talking to lawyers. David, u f'd this one up bad for no reason. We will have one pager signed by 51% of bondholders, no trustee necessary. It[']s fine. We don't need any process. Bondholders are being taken out, this is all moot."[95]

~~Fifth~~ Fourth, on or about June 16, 2014, Shulse sent an email to NORDLICHT that stated, in part: "I got to spend some time fishing over the weekend, which gave me a lot of

---

[95] The defense submits that the addition of "alleged" prior to "co-conspirator" is necessary to avoid misleading the jury.

quiet time to think and reflect (which can be good or bad) . . . You even said in our meetings that the equity holders are getting 'crammed down' by paying off the preferred with the proceeds of the Renaissance transaction."

~~Sixth~~ Fifth, on or about August 18, 2014, Small sent an email to Shulse, copying Sam Salfati, that stated: "Jeff, on behalf of Sam Salfati and myself constituting a majority of the board of managers you are hereby authorized to wire $70MM in partial payment of the [Preferred Equity]."

The standards for proving this overt act element are the same for this Count Six as they were for Count One. Again, to satisfy this overt act element, the government has to prove beyond a reasonable doubt that at least one of the conspirators, not necessarily a defendant, knowingly and willfully committed at least one overt act alleged in the indictment for the purpose of furthering some objective of the conspiracy.[96]

---

[96] Given the complexity of the jury instructions, the defense submits that repeating the elements of conspiracy, as well as the general instructions for overt acts, is appropriate here.

<u>REQUEST NO. ~~18~~ 22</u>
Count Seven

Count Seven of the Indictment charges defendants NORDLICHT and LEVY with

conspiracy to commit wire fraud in connection with the Black Elk Bond Scheme. Specifically,

Count Seven states, in pertinent part:

> In or about and between November 2011 and December 2016, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendants MARK NORDLICHT
> and DAVID LEVY, together with others, did knowingly and
> intentionally conspire to devise a scheme and artifice to defraud
> the Bondholders, and to obtain money and property from them by
> means of materially false and fraudulent pretenses, representations
> and promises, and for the purpose of executing such scheme and
> artifice, to transmit and cause to be transmitted by means of wire
> communication in interstate and foreign commerce writings, signs,
> signals, pictures and sounds, contrary to Title 18, United States
> Code, Section 1343.

To sustain its burden of proving a defendant guilty of Count Seven, the

government must ~~has to~~ prove beyond a reasonable doubt each of the elements of conspiracy to

commit wire fraud that I previously explained to you when I was talking about Count Two. Use

those same elements here.

As with Count Two, this conspiracy charge does not require proof of any overt

act.

Since the essential elements of wire fraud requires, among other things, proof

beyond a reasonable doubt of willfulness and the intent to defraud, it follows that good faith on

the part of the defendant you are considering is a complete defense to a charge of securities

fraud. If you find that a defendant acted in good faith, or held an honest belief that his actions

were proper and not in furtherance of any unlawful activity, you cannot convict him of that

count. I previously instructed you on good faith, and you should apply those instructions here.

71

Again, a defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.[97]

---

[97] Adapted from the charge of the Hon. Janet C. Hall in *Litvak*, Tr. at 1502-03, and Sand Instr. 57-16.

REQUEST NO. ~~19~~ <mark>23</mark>
Count Eight

Count Eight of the Indictment charges defendants NORDLICHT and LEVY with securities fraud

in connection with the Black Elk Bond Scheme. Specifically, Count Eight states, in pertinent

part:

> In or about and between November 2011 and December 2016, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendants MARK NORDLICHT
> and DAVID LEVY, together with others, did knowingly and
> willfully use and employ one or more manipulative and deceptive
> devices and contrivances, contrary to Rule 10b-5 of the Rules and
> Regulations of the United States Securities and  Exchange
> Commission, Title 17, Code of Federal Regulations, Section
> 240.10b-5, by: (a) employing one or more devices, schemes and
> artifices to defraud; (b) making one or more untrue statements of
> material fact and omitting to state one or more material facts
> necessary in order to make the statements made, in light of the
> circumstances in which they were made, not misleading; and (c)
> engaging in one or more acts, practices and courses of business
> which would and did operate as a fraud and deceit upon the
> Bondholders, in connection with the purchase and sale of BE
> Bonds, directly and indirectly, by use of means  and
> instrumentalities of interstate commerce and the mails.

As with Count Three and Four, to sustain its burden of proving a defendant guilty

of Count Eight, the government <mark>must</mark> ~~has to~~ prove beyond a reasonable doubt each of the ~~three~~

elements of securities fraud that I previously explained to you.

For this Count, the government must prove that the defendant actually knowingly

and willfully committed — or aided and abetted — the offense with intent to defraud~~, as opposed~~

~~to merely knowingly and willfully conspiring to commit the offense with intent to defraud.~~[98]

<mark>Since the essential elements of securities fraud require, among other things, proof</mark>

<mark>beyond a reasonable doubt of willfulness and the intent to defraud, it follows that good faith on</mark>

---

[98] The removed clause is objectionable as cumulative, unnecessary, and unduly argumentative.

the part of the defendant you are considering is a complete defense to a charge of securities fraud.  If you find that a defendant acted in good faith, or held an honest belief that his actions were proper and not in furtherance of any unlawful activity, you cannot convict him of that count. I previously instructed you on good faith, and you should apply those instructions here. Again, a defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.[99]

<u>Authority</u>

Adapted from Sand, Instr. 5-9.

---

[99] Adapted from the charge of the Hon. Janet C. Hall in *Litvak*, Tr. at 1502-03, and Sand Instr. 57-16.

REQUEST NO. ~~20~~ 24
Venue

Those are all eight counts. There is one other thing you have to consider in determining how to resolve those counts, and this applies to all counts.

In connection with the charged conspiracy counts, that is Counts 1, 2, 6 and 7, you have to consider as to each count whether any overt act in furtherance of the crime occurred within the Eastern District of New York. The Eastern District of New York includes Brooklyn, Queens, Staten Island, Nassau County and Suffolk County.

In this regard, the government does not have to prove that the crimes themselves were committed in this district, or that any defendant himself was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district. Venue for the conspiracy charges may be properly found in any district where the unlawful agreement was formed, or where an overt act was committed in furtherance of the conspiracy.

For the charged substantive securities fraud and investment adviser fraud counts, Counts 3, 4, 5 and 8, the government must prove that an act or transaction constituting securities fraud occurred in the Eastern District of New York. ~~Venue is proper for these counts wherever any such transactions occurred, including anywhere that communications, such as mailings, telephone communications or electronic communications were sent or received.~~[100]

The government must prove venue by a preponderance of the evidence. That is a lesser standard of proof than beyond a reasonable doubt, which is what we have been talking about throughout these charges.

To prove something by a preponderance of the evidence means to prove that it is

---

[100] The removed clause is objectionable as unnecessary and an inaccurate statement of law. *See* Sand Instr. 3-11.

more likely true than not true. It is determined by considering all the evidence and deciding which evidence is more convincing. If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, then you have to resolve this question against the government. If you find that the government has failed to prove that any act in furtherance of a crime occurred within this district, then you must find the defendant not guilty on the count that you are considering.

As I have instructed you, for all other elements in this case, you have to find the government has proven that element beyond a reasonable doubt, not by a preponderance of the evidence. Preponderance of the evidence only applies to venue.

<u>Authority</u>

To the extent not directly cited, adapted from the *Petrossi* Jury Charge, Trial Tr. 1154-1155; *United States v. Lange*, 834 F.3d 58, 59 (2d Cir. 2016) (discussing venue for the purposes of substantive securities fraud); 15 U.S.C. §§ 78aa(a); 80b-14.

REQUEST NO. ~~21~~ 25
Transcripts of Tape Recordings

The government has been permitted to hand out a typed document that it prepared containing the government's interpretation of what appears on the tape recordings which have been received as evidence.  Those were given to you as an aid or guide to assist you in listening to the tapes. However, they are not in and of themselves evidence.  Therefore, when the tapes were played I advised you to listen very carefully to the tapes themselves.  You alone should make your own interpretation of what appears on the tapes based on what you heard.  If you think you heard something differently than appeared on the transcript, then what you heard is controlling.

Let me say again, you, the jury, are the sole judges of the facts.

Authority

Adapted from Sand, Instr. 5-9.

<u>REQUEST NO. ~~22~~ <mark>26</mark></u>
Consensual Recordings

The government has offered evidence in the form of tape recordings of conversations. These recordings were made without the knowledge of the defendants, but with the ~~consent and~~ ~~agreement~~ <mark>knowledge</mark> of one of the other ~~parties~~ <mark>participants</mark> to the conversations.

~~The use of this procedure to gather evidence is perfectly lawful, and the government is entitled to use~~ <mark>I instruct you that you are entitled to consider</mark> the tape recordings in this case <mark>and give them whatever weight, if any, you deem appropriate</mark>.[101]

<u>Authority</u>

Adapted from Sand Instr. 5-10.

---

[101] The defense submits the proposed edits are necessary for clarity and to more accurately state the jury's role in considering such evidence.

REQUEST NO. ~~23~~ 27
Character Evidence
(If Applicable)

Defendant [name] called as a witness [Name], who gave his/her opinion of his good character. This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence, including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand if, after considering all the evidence, including that of the defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you must not acquit him merely because you believe him to be a person of good character.

Authority

Adapted from the charge of the Hon. Dora L. Irizarry in *United States v. Lange*, E.D.N.Y., 10 CR 968.

REQUEST NO. ~~24~~ 28
Uncharged Persons

You may not draw any inference, favorable or unfavorable, toward the government or the defendant on trial from the fact that certain persons were not named as defendants in this Indictment.  You should draw no inference from the fact that any other person is not present at this trial.  Your concern is solely the defendants on trial before you.

That other individuals are not on trial before you is not a matter of concern to you. You should not speculate as to the reasons these individuals are not on trial before you.  The fact that these individuals are not on trial before you should not control or influence your verdict with reference to the defendants who are on trial.

Authority

Adapted from Sand, Instr. 3-4.

REQUEST NO. ~~25~~ 29
Accomplice Testimony

You also heard from witnesses who testified that they were themselves involved in one or more of the charged crimes with one or more of the defendants.  You have heard these witnesses referred to as "cooperators." ~~Experience will tell you that the government sometimes must rely on the testimony of witnesses who admit participating in criminal activity. For that reason, t~~ The law allows the use of such testimony.  It is the law in the federal courts that such testimony may be enough, standing alone, for conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt.  But you are instructed that you are to draw no conclusions or inferences of any kind about the guilt of any of the defendants on trial before you from the fact that a prosecution cooperator pled guilty to related or similar charges.  The decision of that witness to plead guilty was a personal decision that witness made.  It may not be used by you in any way as evidence against or unfavorable to any of the defendants.[102]

~~However, b~~ Because of the interest both ~~a~~ unindicted and indicted cooperating witness~~es~~ may have in testifying, the testimony should be scrutinized with special care and great caution.  The fact that the witness may benefit from his cooperation may be considered by you as bearing upon his credibility.[103]

Like the testimony of any other witness, cooperating witness testimony should be

---

[102] The defense submits that the addition of the first proposed sentence is necessary to adequately orient the jury as to which witness's testimony they will consider pursuant to this instruction. The following sentence is objectionable as cumulative and unduly argumentative.   The defense further submits that the addition of the last three sentences, adapted from the government's proposed paragraphs below, should be placed here, earlier in the instruction, for clarity.

[103] The proposed additions are necessary to adequately instruct the jury as to the level of care they must give in considering accomplice testimony.   *See* Sand Instr. 7-5 ("However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with *great care and viewed with particular caution* when you decide how much of that testimony to believe.") (emphasis added).

given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of the witness's recollection, his background and the extent to which his testimony is or is not corroborated by other evidence in the case.

You may consider whether a cooperating witness has an interest in the outcome of the case and, if so, whether that interest has affected his testimony.  You should ask yourselves whether the witness would benefit more by lying or by telling the truth, and you should consider who makes that determination.  You should ask yourselves whether the witness would benefit more by testifying in a manner to please the government, and whether such a benefit makes his testimony unreliable or not credible. Was his You should consider whether any aspect of such witness's testimony was made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely, or did whether he believed that his interest would be best served by testifying truthfully.?[104]

If you believe that that witness was motivated by hopes of personal gain, such as avoiding prison, was the motivation one that would cause him to lie or was it one that would cause him to tell the truth?  Did this motivation color his testimony?[105]

If you think the witness's testimony was false, you should reject it.  However, if after a cautious and careful examination of the cooperating witness's testimony you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.[106]

As with any other witness, let me emphasize that the issue of credibility need not

---

[104] The proposed additions are necessary to adequately instruct and warn the jury as to the legitimate credibility concerns raised by accomplice testimony.  *See* Sand Instr. 7-5 & cmt.

[105] The proposed additions are necessary to adequately compensate for the "personal gain" at issue in this case – i.e., the potential to avoid jail time by government cooperators.

[106] The final clause of the paragraph is objectionable as cumulative and unduly argumentative.

be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept the witness's testimony in other parts, or you may disregard all the testimony.  That's a determination entirely for you, the jury.

~~You heard evidence that certain of these government witnesses have pleaded guilty to charges arising out of some of the same facts that are at issue in this case. That evidence is before you solely to assist you in evaluating the credibility of that witness. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of any of the defendants on trial before you from the fact that a prosecution witness pled guilty to related or similar charges. The decision of that witness to plead guilty was a personal decision that witness made about his own guilt. It may not be used by you in any way as evidence against or unfavorable to any of the defendants.~~[107]

~~Now you've also heard testimony in this case about who will decide the sentence of such witnesses. Again, the question of punishment of a cooperating witness is a duty that rests exclusively upon the sentencing court, and you should not think about that except as it may affect the witness's credibility.~~[108]

<u>Authority</u>

To the extent not directly cited, adapted from the charge of the Hon Brian M. Cogan, *United States v. Nadeem*, E.D.N.Y., 13 CR 424 (BMC).

---

[107] The first two sentences of this paragraph are objectionable as misleading and unnecessary. The defense submits that the last three sentences are more properly given earlier in the instruction, *see* first paragraph of this request.

[108] This paragraph is objectionable as cumulative, misleading, and unnecessary.

REQUEST NO. 26 30
Testimony of Defendant
(If applicable)

A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, [Name] did testify and he was subject to cross examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Authority

*United States v. Brutus*, Cr. No. 06-2710, 2007 WL 2828690, n.7 (2d Cir. Oct. 2, 2007), adapting charging language from *United States v. Gaines*, 457 F.3d 238, 249 n.9 (2d Cir. 2006).

<u>REQUEST NO. 27 31</u>
Defendant's Right Not to Testify
(If applicable)

The defendants did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendants did not testify.  No adverse inference against him any defendant may be drawn by you because he they did not take the witness stand. You may not consider this against the defendants in any way in your deliberations in the jury room, for to do so would be an affront to our Constitution.

<u>Authority</u>

Adapted from Sand Instr. 5-21.

85

<u>REQUEST NO. ~~28~~ 32</u>
Evidence Obtained Pursuant to Lawful Procedures

You have seen evidence obtained pursuant to a search of Platinum's offices. ~~All of~~ This evidence was obtained lawfully.  The use of this procedure to gather evidence is perfectly lawful and the government has the right to use such evidence in this case.

<u>Authority</u>

Adapted from the Charges of the Hon. Carol B. Amon, *United States v. Moore*, E.D.N.Y. 13-CR-487 and the Hon. Nicholas G. Garaufis, *United States v. Basciano*, E.D.N.Y. 03-CR-929.

REQUEST NO. ~~29~~ <mark>33</mark>
Summary Evidence

Some exhibits were admitted into evidence in the form of charts and summaries. Those charts and summaries were admitted in order to save the time of reviewing voluminous records and to avoid inconvenience.  You should consider these charts and summaries the same way you would any other evidence.

Authority

Adapted from the charge of the Hon. Brian M. Cogan in *United States v. Nadeem*, E.D.N.Y., 13 CR 424.

87

## REQUEST NO. 34
### Specific Exhibits/Testimony

Members of the Jury — during the testimony of Mr. Manela, he testified about a margin call made by the prime brokerage firm, Nomura, to PPCO and how that margin call might be paid. This testimony was elicited in relation to GX 884, 889, and 890. I instruct you that this testimony was irrelevant to the issues in this case, and that you should give it no consideration at all in making your decisions when you deliberate. You should put it out of your minds entirely starting right now. In addition, I am striking GX 884, 889, and 890 from evidence, so you may not consider those documents at all, or any testimony by Mr. Manela concerning those documents or this topic.

During Mr. Mandelbaum's testimony, he testified that communications between himself and Mr. Nordlicht could not be covered by the attorney-client privilege.  I instruct you that Mr. Mandelbaum's understanding of the attorney-client privilege is not complete and remind you that you should only consider my instructions on the law in your deliberations in this case.

Moreover, Mr. Mandelbaum testified as to his belief that the SEC prohibited hedge funds from providing investors with forward-looking guidance or projections.  I instruct you that the defendants are not charged with violating SEC rules concerning guidance or forward-looking projections.

As I previously mentioned, Mr. Shaked testified that failing to provide him with one or more Fund documents was a violation of the Investment Adviser Act.  I again instruct you that you should disregard Mr. Shaked's testimony in this regard.  The defendants have not been charged with a failure to provide investors with Fund documents, which include the PPM, LP

Agreement, Subscription Agreement, and Master LP Agreement.[109]


Authority

Dkt. Nos. 704 and 732 (Manela); Tr. at 4391, 4578, 4583-84 (Mandelbaum).

---

[109] *See* Mr. Shaked's testimony Tr. at 2333 and 2339.

REQUEST NO. 35
GX-4212

Early on in this case, Dr. Huth testified about his understanding of a PowerPoint presentation regarding Platinum dated from 2007.  I instruct you that this presentation, GX-4212, cannot form the basis for your conviction of any defendant on any count.

Authority

Dkt. No. 689.

<u>CONCLUSION</u>

Mr. Levy respectfully requests that the Court include the foregoing in its instructions to the jury. In addition, Mr. Levy requests the opportunity to submit further instructions or amend those submitted as appropriate.

Dated:  June 18, 2019

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:     /s *Michael S. Sommer*
        Michael S. Sommer
        Morris J. Fodeman
        Kate T. McCarthy
        1301 Avenue of the Americas, 40th Floor
        New York, New York 10019
        Telephone:  (212) 999-5800
        Facsimile:  (212) 999-5899
        msommer@wsgr.com
        mfodeman@wsgr.com
        kmccarthy@wsgr.com

        *Attorneys for Defendant David Levy*