

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
PHONE 212.999.5800
FAX 212.999.5899
www.wsgr.com

June 30, 2019

<u>**VIA CM/ECF**</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>*United States v. Mark Nordlicht, et al.*</u>, No. 1:16-cr-00640-BMC

Dear Judge Cogan:

We represent David Levy.  This letter is respectfully submitted in opposition to the Government's request (Dkt. 765) that the Court add an instruction to its charge to the jury, in response to the arguments of Mr. Baez, that the Government is not on trial and that "[t]here is no evidence the Government operated under any kind of improper motive" during this trial.

First, while we acknowledge that the question of whether to give such an instruction is within the discretion of the Court, we note that the cases cited by the Government are almost exclusively decisions outside of this district, and **all** relate to vastly different factual circumstances than exist here.

Second, while the Government has identified certain remarks made by Mr. Baez that were critical of the Government and its presentation of the evidence, the Court will recall that Mr. Baez balanced those remarks with the following:

> "Now it's true, let me tell you the Government's not on trial here. . . .  These are not bad people . . . I want you to focus just on the evidence[.]"  Tr. 6818.

> "Now, I agree.  You can be advocates and I believe that, you know, it's their job to present their best case.  They're not on trial. . . ."  Tr. 6819.

> "[A]t the end of the day I want you to make your decision based on the evidence, based on what you saw, not on emotion, not on any other reason."  Tr. 6820.

Third, counsel for Mr. Levy also reminded the jury that the lawyers for the Government were not on trial:

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

The Honorable Brian M. Cogan
June 30, 2019
Page 2 of 3

"Look, I'm going to be critical, I'm going to be critical of the evidence the prosecutors presented in my summation because it is so important for you to see that it was deeply flawed. It is not an attack on them personally, but it is a challenge to the way they procured and presented evidence to you. Because the evidence is on trial here, that's what's on trial. That's what I'm going to argue to you. The prosecutors are not on trial, but their evidence and their tactics surely are." Tr. 6843

Fourth, the arguments of counsel challenging the ways in which the Government presented evidence at this trial and its characterization of that evidence were wholly justified. As: (i) the summations of counsel made clear, (ii) the Rule 29 arguments of counsel made clear, and (iii) the repeated comments of the Court made clear, there were a startling number of times when the Government, either intentionally or not, presented false and misleading testimony to the jury. These occasions were so frequent that this letter cannot possibly capture them all, but to remind the Court of just a few:

- The manner in which the Government presented Mr. Kaplan's tapes, repeatedly stopping the recording immediately before exculpatory evidence was heard;

- The manner in which the Government presented certain emails, only to have the jury be shown on cross-examination that the Government's presentation was either incomplete, misleading or wrong;

- The manner in which the Government presented investor-witnesses, eliciting testimony about the governing terms of the Fund that were utterly at odds with the controlling Fund documents themselves;

- The manner in which the Government presented evidence of PPVA's preferential redemptions only to have it shown on cross-examination that in almost every instance, the Fund at issue was PPCO; and

- The manner in which the Government used the word "they" in its summation and rebuttal summation (over 900 times) to describe purported "lies" and "lying" of the defendants (over 300 times) when in fact the Government failed to distill a single instance in the record where Mr. Levy lied to anyone, and didn't even argue that he did so in either its main summation or rebuttal summation. Indeed, the Government featured in its summation certain purported "lies" to Investor Gulkowitz "they" told in August 2014 – a time when David Levy did not even work at Platinum.[1]

---

[1] Because of this alarming conduct by the Government in intentionally seeking to have the jury assess the guilt or non-guilt of the Defendants as a single group and not assess their individual conduct either with respect to the conspiracy or substantive counts, Mr. Levy now moves for a mistrial. This application will be further addressed by Mr.

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

The Honorable Brian M. Cogan
June 30, 2019
Page 3 of 3

Fifth, the instruction requested by the Government would be unfairly prejudicial to Mr. Levy. The Government has not raised any concern with respect to the arguments made in summation by counsel to Mr. Levy. To now have the Court give the Government's requested instruction would suggest to the jury that one or more of the arguments made by Mr. Levy's counsel were somehow improper.[2]

Sixth and finally, we note that the Court is already planning on advising the jury that "[t[he personalities and conduct of counsel are not in issue here." Proposed Charge at 6. As an initial matter, Mr. Levy now objects to this part of the charge and asks that it be revised to say only that "the personalities of counsel are not in issue here." *Id.* We submit that the ***conduct*** of the prosecution is certainly at issue when false and misleading testimony is presented to the jury with such repeated frequency. Moreover, to instruct the jury that the conduct of counsel is not at issue when the defense has appropriately focused its arguments so heavily on precisely that issue – the manner in which the Government procured and presented its "evidence" – is to instruct the jury to disregard the arguments of defense counsel, which would deprive the defendants of a fair trial. If the Court is inclined to keep this section as currently drafted, we submit that under the circumstances of this case, it more than adequately addresses the purported concerns expressed by the Government.

Accordingly, for the reasons set forth above, we respectfully object to the requested instruction proposed by the Government, ask that the Court grant a mistrial as to Mr. Levy, or, if denied, include the proposed instruction set forth in footnote one above, and request that the Court modify its instruction on page six of its Proposed Charge as set forth under item "six" herein.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Michael S. Sommer*
Michael S. Sommer
Morris J. Fodeman

Cc: All Counsel of Record (via CM/ECF)

---

Levy's counsel when the case reconvenes on Monday morning. In the event the Court does not grant the mistrial application, Mr. Levy then respectfully requests that the Court include in its charge the following: "There are three separate trials at issue here, one as to each defendant. You must assess the evidence or lack of evidence separately as to each defendant. Our Constitution does not recognize the concept of 'guilt by association.'"

[2] If the Court determines to give the Government's requested instruction, we would in that instance request that it be made clear to the jury that it is limited to the arguments made by Mr. Nordlicht's counsel.