

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022

PHONE 212.999.5800
FAX 212.999.5899

**www.wsgr.com**

July 24, 2019

**VIA CM/ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>    Re:    *United States v. Mark Nordlicht et al.*, No. 1:16-cr-00640-BMC

Dear Judge Cogan:

We represent defendant David Levy.  We write requesting access to the grand jury minutes regarding the alleged Black Elk bond scheme, as these minutes are central to Mr. Levy's forthcoming Rule 29 and Rule 33 motions.

The Court is permitted to "authorize disclosure" of grand jury matters "in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury".  *See* Fed. R. Crim. P. 6(E)(i) and (ii).  This determination is entirely within the court's discretion.

> After an indictment has been found and the accused apprehended, the veil of secrecy surrounding grand jury proceedings may safely be lifted where justice so requires. . . . Rule 6(e) of the New Federal Rules of Criminal Procedure also recognizes, at least by implication, that the court has power in connection with a criminal proceeding to compel disclosure of matters occurring before the grand jury. Whether the power should be exercised lies, like other matters pertaining to the conduct of a trial, within the court's discretion.

*United States v. Alper*, 156 F.2d 222, 226 (2d Cir. 1946) (citations omitted); *see also Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959) ("In fact, the federal trial courts as well as the Courts of Appeals have been nearly unanimous in regarding disclosure as committed to the discretion of the trial judge"); *Craig v. United States*, 131 F.3d 99, 102 (2d Cir. 1997) ("[D]istrict courts, as part of their supervisory authority over the grand juries that they have empaneled, are explicitly given the discretion to determine whether, if one or more of the listed exceptions to grand jury secrecy apply, disclosure of records is appropriate."). "The party seeking disclosure must show that the material it seeks 'is needed to avoid a possible injustice, that the need for disclosure is greater than the need for continued secrecy, and that his or her request is structured to cover only material so needed.'". *United States v. Bruno*, 159 F. Supp. 3d 311, 322 (E.D.N.Y. 2016).


Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Brian M. Cogan
July 24, 2019
Page 2 of 2


        Mr. Levy can establish both injustice and government misconduct.  Both the Indictment and the government's opening statement made clear that the government's theory on the Black Elk counts as presented to the grand jury was that the defendants "caused PPCO, PPLO, BAM and BBIL to consent to the proposed amendments to the indenture[,]" Ind. ¶ 85.  *See* Tr. 21:9-22:5 ("The result was guaranteed from the start.  This is because the defendants actually voted all of those bonds that they hid away in companies they secretly controlled, bonds that alone made up more than half of the total number of bonds and guaranteed the vote would pass.").  When this theory was proven demonstrably false at trial, *see* Tr. 5110:2-25 (government witness Attorney Rob Shearer admitting that the Platinum votes were never counted), the prosecution improperly shifted its theory, broadening and constructively amending the Indictment.  *See* Tr. 6617:1-21, 7081:10-13.  This constructive amendment violated Mr. Levy's rights.  However, because a constructive amendment analysis requires a determination as to "whether the defendant was convicted of conduct that was the subject of the grand jury's indictment," *United States v. Bastian*, 770 F.3d 212, 220 (2d Cir. 2014) (citation omitted), Mr. Levy is significantly prejudiced in presenting this argument to the Court without the grand jury minutes.

        Accordingly, we respectfully request that the Court direct the government to provide Mr. Levy's counsel with the grand jury minutes relating to Counts 6-8 of the Indictment forthwith.


                                        Respectfully submitted,

                                        WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation

                                        *s/ Michael S. Sommer*
                                        Michael S. Sommer
                                        Morris J. Fodeman


cc:  All Counsel of Record (via CM/ECF)