

1301 Avenue of the Americas, 40th Floor<br>
New York, NY 10019-6022<br>
PHONE 212.999.5800<br>
FAX 212.999.5899<br>
www.wsgr.com

October 7, 2019

<u>VIA CM/ECF</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>United States v. Mark Nordlicht, et al.</u>, No. 1:16-cr-00640-BMC

Dear Judge Cogan:

  This letter is respectfully submitted in reply to the government's letter of October 7, 2019 (Dkt. No. 807), opposing Mr. Levy's request that his bail be exonerated in light of his acquittal.

  The government is correct that Section 3143(c) refers the Court to Section 3142 of Title 18. But the government utterly fails to offer the slightest justification for maintaining the bail conditions that were set nearly three years ago when Mr. Levy was charged with eight counts, including five counts that the government publicly described as "the largest Ponzi scheme since Bernie Madoff," and when the government's Guidelines calculation exposed Mr. Levy to lifetime imprisonment. At that time, and based on these positions taken by the government, a bail package was established under which Mr. Levy was required to:

- surrender his passport;
- limit his travel to the SDNY, EDNY and DNJ;
- not contact investors and co-defendants other than in the presence of counsel;
- report monthly to Pretrial Services and submit to random visits;
- sign a personal recognizance bond in the amount of $2 million;
- post $200,000 in cash to secure that bond; and
- have two financially responsible persons co-sign the bond.

  Since that bail package was established in December 2016, Mr. Levy has at all times fully abided by his conditions of release – which we are confident the government would confirm. And, of course, he has now been acquitted by a jury of all five counts relating to the so-called "Investment Scheme," and acquitted by the Court of all three counts relating to the amendment of the Black Elk Bond Indenture.

  While the government asks that the bail conditions for Mr. Levy be maintained during the pendency of the government's appeal of this Court's decision on Mr. Levy's post-trial motions, the



The Honorable Brian M. Cogan
October 7, 2019
Page 2 of 2

government fails to abide by the very statute it cites. Pursuant to Section 3142(b): "The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court . . . ." It is only "[i]f the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person," that additional conditions may be imposed. Section 3142(c).

We respectfully submit that Your Honor can and should find that any additional conditions beyond personal recognizance are unwarranted in the case of Mr. Levy. He has never given the Court the slightest concern regarding flight. His wife and parents, who all live in New York, were at the trial every day. And his two daughters, ages two and six, live with Mr. Levy and his wife, also in New York. Any suggestion by the government that Mr. Levy would flee from his close-knit family, or somehow flee with all of them in tow, is absurd – particularly given the current status of the case.[1]

Finally, the current conditions of release impose unfair hardship on Mr. Levy in light of his acquittal. He has been unemployed for three years now and has incurred massive debts. The $200,000 in cash can now be applied to reduce some of those debts. In addition, the limitations on his travel and required trips to Pretrial Services will impact his efforts to find work and unfairly impinge on his ability to support his wife and daughters.

The government's opposition to anything more than personal recognizance for Mr. Levy is nothing other than a mean-spirited tactic by a disappointed litigant. As such, that opposition should be rejected, and the Court should replace the current conditions of bail with an order, consistent with Section 3142(b), of personal recognizance.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


*s/ Michael S. Sommer*
Michael S. Sommer
Morris J. Fodeman

*Counsel for David Levy*

cc:  All Counsel of Record (via CM/ECF)

---

[1] To be clear, the government does not even view Mr. Levy as a flight risk as it has indicated its willingness to let him undertake international travel, including to Israel.