

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

August 2, 2022

<u>VIA CM/ECF</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>**United States v. David Levy**</u>, No. 1:16-cr-00640-BMC

Dear Judge Cogan:

    This letter is respectfully submitted on behalf of David Levy and Mark Nordlicht to address the schedule for sentencing in this matter.

    Mr. Nordlicht is currently scheduled for sentencing on August 18, 2022. Mr. Levy is currently scheduled for sentencing on August 23, 2022. While Mr. Nordlicht has not yet submitted his sentencing submission to Your Honor, we understand that he will be addressing issues relating to the Guidelines "loss" calculation consistent with those raised by Mr. Levy in his sentencing submissions of June 29, 2022, and July 19, 2022.

    As the Court is well aware, both Mr. Levy and Mr. Nordlicht have the right to be heard by the Court on the critical issue of "loss" in advance of the Court making its determination. Under the current schedule, the Court would be called on to make a "loss" determination at Mr. Nordlicht's sentencing on August 18th, but Mr. Levy and his counsel will not be present. We fully understand that the Court will not want to have two identical arguments for each of the two defendants, or revisit its "loss" determination for Mr. Levy just five days after making a "loss" determination in connection with Mr. Nordlicht's sentencing. The obvious solution is to have the argument or hearing on "loss" be attended by **both** defendants and their counsel.

    Consistent with this common-sense approach, we proposed to the government that on August 23rd at 9:00 am, Mr. Nordlicht and Mr. Levy, along with their counsel and counsel for the government, appear for purposes of addressing the issue of Guidelines "loss," and that the Court thereafter (at separate sessions on that same day or on alternative dates to be selected by the Court) proceed with the sentencing of each of Mr. Nordlicht and Mr. Levy.

    To our surprise, the government indicated that it opposed this approach, but it failed to articulate the slightest explanation why either defendant should be deprived of the right to be

heard by the Court on the critical issue of Guidelines "loss" in advance of the Court making its findings. The government's counter-proposal was that the defendants should decide amongst themselves who goes first and thereby have the opportunity to be heard. But this is not a viable solution at all. Both Mr. Levy and Mr. Nordlicht have the right to have their counsel heard on this important issue; neither should be placed in the position of being deprived of that right.

Accordingly, we ask that the Court fix August 23rd at 9:00 am for both defendants, their counsel, and the government to appear for the argument or hearing on the issue of "loss," and that the sentencings of Mr. Levy and Mr. Nordlicht proceed after the Court makes it findings – either at different sessions later that same day or on different dates convenient to the Court.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s *Michael S. Sommer*
    Michael S. Sommer
    Morris J. Fodeman
    1301 Avenue of the Americas, 40th Floor
    New York, New York 10019
    Telephone: (212) 999-5800
    Facsimile: (212) 999-5899
    msommer@wsgr.com
    mfodeman@wsgr.com

*Attorneys for Defendant David Levy*

cc:    All counsel of record via ECF