

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| DCP/LHE/NMA | *271 Cadman Plaza East* |
| F. #2016R00505 | *Brooklyn, New York 11201* |

November 15, 2022

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Mark Nordlicht, et. al
> <u>Criminal Docket No. 16-640 (BMC)</u>

Dear Judge Cogan:

The government writes to clarify its objection to the defendant David Levy's request to adjourn, yet again, the hearing on loss, currently scheduled for January 5, 2022.   (ECF Dkt. No. 977).

As the Court is aware, Levy's sentencing in this case has been repeatedly adjourned since January 2022, when the Court first scheduled it for March 2022.   Since that time, the defendant has repeatedly moved for adjournments (ECF Dkt Nos. 881, 896) and for a consolidated hearing on loss, which has further delayed sentencing. (ECF Dkt No. 951).   Now, nearly <u>seven weeks</u> after the Court set the date for the loss hearing, the defendant seeks another adjournment of the sentencing proceeding because of a personal conflict for one of his attorneys.   (ECF Dkt. No. 977).   The proposed adjournment of the hearing would likely result in the adjournment of sentencing hearings for both defendant Levy and defendant Nordlicht, which are currently scheduled for January 27, 2023 and February 17, 2023, respectively.   (ECF Dkt. Entry Dated Sept. 28, 2023).

The government respectfully submits that further delaying sentencing is inappropriate.   Both the defendants' victims and the public are entitled to a timely final resolution of this matter.   <u>See</u> <u>United States v. Ray</u>, 578 F.3d 184, 198 (2d Cir. 2009) (observing that delays in sentencing may leave the defendant as well as the victim in limbo concerning the consequences of conviction); <u>United States v. Lasker</u>, 481 F.2d 229, 233 (2d. Cir. 1973) (noting the "strong public interest" in the prompt resolution of criminal prosecutions).   The pattern of ongoing delays in this case is contrary to the interests of the victims and the public.   The defendants were convicted at trial in 2019 and their convictions were reinstated by the Second Circuit in January of 2022—no further delay is warranted.

Notably, the defendant has, at other times, made claims that he should be sentenced expeditiously.   After the government asked the Court in July 2022 for a brief one-week adjournment because of health issues affecting a member of the prosecution team, the defendant refused to consent to that adjournment, branding it an "unconscionable" request to delay sentencing because of the "impact it would have on [the defendant's] family."  (ECF Dkt No. 915).   Apparently, a "personal" conflict on the part of one defense attorney over six months later does not present the same unconscionable basis to delay sentencing in the view of the defendant. Accordingly, the government objects to rescheduling the hearing the "loss" hearing.[1]   If the Court is inclined to reschedule that hearing, the government respectfully requests that the Court maintain the currently scheduled sentencing dates, understanding that the defendant's adjournment request would compress the time between the hearing and sentencing and increase the burden on the Court.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
David C. Pitluck
Lauren H. Elbert
Nick M. Axelrod
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of the Court (BMC) (by ECF)
Defense counsel (by ECF)

---

[1] As a professional courtesy to accommodate counsel's conflict, the government did offer alternate dates in early January 2023, but those dates were also not available for defense counsel.